JAMES C. YOON
 State Bar No. 177155 (jyoon@wsgr.com)
STEFANI E. SHANBERG
 State Bar No. 206717 (sshanberg@wsgr.com)
BRIAN DIETZEL
 *Pro Hac Vice* (bdietzel@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Intervenor
DISPLAYLINK CORPORATION and
Defendant KENSINGTON COMPUTER
PRODUCTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MAGIC CONTROL TECHNOLOGY, CORPORATION, a Taiwanese Corporation; <br><br> Plaintiff, <br><br> v. <br><br> KENSINGTON COMPUTER PRODUCTS, <br><br> Defendant. | CASE NO.:  C 07-05707 JSW <br><br> SHANBERG DECLARATION IN SUPPORT OF STIPULATION REQUESTING TO RESCHEDULE CASE MANAGEMENT CONFERENCE FROM MARCH 14, 2008 TO MAY 16, 2008 |

I, Stefani E. Shanberg, hereby declare that:

1.      I am over the age of 18 and have personal knowledge about the facts described below.

2.      I am an attorney at Wilson Sonsini Goodrich & Rosati, counsel for Defendant Kensington Computer Products ("Kensington") and Intervenor DisplayLink Corporation ("DisplayLink").  I submit this Declaration in support of the parties' Stipulation Requesting to Reschedule Case Management Conference.

1    3.    On February 6, 2008, this Court issued an Order Setting Case Management

2 Conference and Requiring Joint Case Management Conference Statement.  The parties to this

3 action are, therefore, scheduled to appear before the Court for a Case Management Conference

4 on March 14, 2008, at 1:30 p.m.

5    4.    DisplayLink and Plaintiff Magic Control Technology Corporation ("MCT") are

6 involved in related litigation before the Honorable Ronald M. Whyte, Case No. 5:07-CV-01998-

7 RMW (the "DisplayLink Declaratory Judgment Action").

8    5.    On November 14, 2007, DisplayLink and MCT filed a Stipulated Notice of

9 Related Case Pursuant to Civil Local Rule 3-12 and Administrative Motion Pursuant to Local

10 Rule 7-11 stipulating that the above-captioned action and DisplayLink Declaratory Judgment

11 Action are related and requesting consolidation of the actions, a true and correct copy of which is

12 attached as Exhibit A.

13    6.    Judge Whyte has not yet ruled regarding the relatedness and consolidation of the

14 above-captioned action and the DisplayLink Declaratory Judgment Action.

15    7.    DisplayLink and MCT are scheduled to be before Judge Whyte for a Case

16 Management Conference and *Markman* Hearing on April 29, 2008, and intend to raise these

17 issues at that time.

18    8.    DisplayLink, Kensington, and MCT believe there is good cause to reschedule the

19 Case Management Conference before this Court until Judge Whyte has ruled regarding the

20 relatedness and consolidation of the above-captioned action and the DisplayLink Declaratory

21 Judgment Action.

22    9.    No prior changes have been made to the schedule in this case.

23    10.    There is no schedule yet in place for this case to be impacted by this stipulation.

24 However, should this case proceed, this stipulation will likely delay the schedule set in this case

25 by approximately two months.

26 ///

27

28

DECLARATION                                    -2-                        Declaration (4).DOC
CASE NO.:  C 07-05707 JSW

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3    Executed on March 4, 2008, at Palo Alto, California.

4

5    _____/s/ Stefani E. Shanberg_____
     Stefani E. Shanberg

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   JAMES C. YOON, State Bar No. 177155
      Email:  jyoon@wsgr.com
2   STEFANI E. SHANBERG, State Bar No. 206717
      Email:  sshanberg@wsgr.com
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   650 Page Mill Road
    Palo Alto, CA 94304-1050
5   Telephone:  (650) 493-9300
    Facsimile:  (650) 565-5100
6   
    Attorneys for Plaintiff and Counterclaim Defendant
7   DISPLAYLINK CORPORATION

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   DISPLAYLINK CORPORATION, a Washington )   CASE NO.: 5:07-CV-01998-RMW
     Corporation,                          )
13                                         )   STIPULATED NOTICE OF RELATED
                    Plaintiff,             )   CASE PURSUANT TO CIVIL LOCAL
14                                         )   RULE 3-12 AND ADMINISTRATIVE
            v.                             )   MOTION PURSUANT TO LOCAL
15                                         )   RULE 7-11
     MAGIC CONTROL TECHNOLOGY,             )
16   CORPORATION, a Taiwanese Corporation; )
                                           )
17                  Defendant.             )
                                           )
18   _____)
     MAGIC CONTROL TECHNOLOGY,             )
19   CORPORATION, a Taiwanese Corporation, )
                                           )
20              Counterclaim Plaintiff,    )
                                           )
21          v.                             )
                                           )
22   DISPLAYLINK CORPORATION, a Washington )
     Corporation,                          )
23                                         )
                Counterclaim Defendant.    )
24                                         )
                                           )
25   _____)

26

27

28

1    TO THE COURT AND ALL PARTIES OF RECORD:

2    Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff and Counterclaim Defendant

3  DisplayLink Corporation ("DisplayLink") hereby notifies the Court that the above-entitled

4  matter is related to an action that is currently pending in this district and moves the Court to

5  relate and consolidate the actions.  Civil Action No. 3:07-05707-MEJ, *Magic Control

6  Technology, Corp. v. Kensington Computer Products Group, et al.*, was received in chambers November

7  9, 2007, after transfer for consolidation from the Central District of California.  The action is

8  pending in the San Francisco Division of this Court before U.S. Magistrate Judge Maria-Elena

9  James.

10    In the Case Management Order dated September 13, 2007, the parties agreed to

11  "promptly inform this Court if DisplayLink's motion to transfer the Central District of California

12  litigation to the Northern District of California is granted so that this Court my consolidate the

13  related actions."  Declaration of Stefani E. Shanberg ("Shanberg Decl.") ¶ 3 & Ex. A.  The

14  parties and the Court thereby indicated their agreement that the cases were in fact related and

15  should be consolidated in this Court once the transfer occurred.

16    These two actions concern substantially the same parties, substantially similar

17  transactions or events, and call for the determination of the same questions of law and fact.

18  Furthermore, litigation of these cases before different judges would result in the duplication of

19  labor and expense for both the parties and the Court.

20    DisplayLink and MCT are parties to both actions.  On July 20, 2007, Magic Control

21  Technology ("MCT") filed suit against DisplayLink's customers Kensington Computer Products

22  Group ("Kensington"), GWC Technology, Inc., Good Way Technology Co., Ltd, and Good Way

23  Electronics (collectively "Good Way") in the Central District of California.  DisplayLink

24  intervened in the Central District of California suit and was granted leave to intervene.

25  DisplayLink filed its Complaint-in-Intervention on September 10, 2007.  Furthermore,

26  DisplayLink has agreed to indemnify its customers.  Shanberg Decl. ¶ 4 & Ex. B.  Therefore,

27  both suits involve substantially the same parties.

28

1    Both actions also involve the same set of events and require resolution of the same

2  questions of law and fact.  In the suit against DisplayLink's customers, MCT alleges

3  infringement of U.S. Patent 7,203,788 ("the '788 patent") based upon use of DisplayLink's

4  products and technology.  The present action is for declaratory judgment of non-infringement

5  and invalidity of the '788 patent filed by DisplayLink against MCT.  Therefore, both of these

6  cases involve the same issues concerning the validity and infringement of the '788 patent.
Case 5:07-cv-05707-RMW    Document 12-2    Filed 03/04/2008    Page 3 of 3

7  Furthermore, the technology at issue is the same.  Finally, resolution of the present action could

8  render the suit against DisplayLink's customers moot if MCT prevails since MCT is entitled to

9  damages only once.  Shanberg Decl. ¶ 4 & Ex. B.

10    Given the identical issues in these actions, conducting these cases before different judges

11  would result in an unduly burdensome duplication of labor and expense.  There would be

12  considerable overlap in most aspects of the case, including identical document discovery,

13  duplication of depositions, and many of the same witnesses and experts for trial.  Judicial

14  efficiency would also be served, for example, by avoiding construing the same claims twice, if

15  the suit against DisplayLink's customers was reassigned and both actions were able to proceed

16  before the same judge.

17    Accordingly, DisplayLink requests that Case No. 3:07-05707-MEJ be related to this

18  action and reassigned to the Honorable Ronald M. Whyte.  MCT stipulates to this Notice of

19  Related Case and Administrative Motion.

20

21  Dated: November 14, 2007                    WILSON SONSINI GOODRICH & ROSATI
                                                Professional Corporation
22

23
                                                By:___/s/ Stefani E. Shanberg_____
24                                                      Stefani E. Shanberg

25                                                Attorneys for Plaintiff/Counterclaim Defendant
                                                DISPLAYLINK CORPORATION
26

27

28

STIPULATED NOTICE OF RELATED CASE AND            -3-                        3233549_1.DOC
ADMINISTRATIVE MOTION
CASE NO. 5:07-CV-01998-RMW