1   JAMES C. YOON
      State Bar No. 177155 (jyoon@wsgr.com)
2   STEFANI E. SHANBERG
      State Bar No. 206717 (sshanberg@wsgr.com)
3   MONICA MUCCHETTI ENO
      State Bar No. 164107 (meno@wsgr.com)
4   ROBIN L. BREWER
      State Bar No. 253686 (rbrewer@wsgr.com)
5   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
6   650 Page Mill Road
    Palo Alto, CA 94304-1050
7   Telephone: (650) 493-9300
    Facsimile:   (650) 565-5100
8
9   Attorneys for Intervenor
    DISPLAYLINK CORPORATION
10

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                     SAN JOSE DIVISION

15

16  MAGIC CONTROL TECHNOLOGIES,          )   CASE NO.:  5:07-CV-05707-RMW
    a Taiwan corporation                 )
17                                        )   RELATED CASE NO.: 5:07-CV-01998-
              Plaintiff,                  )   RMW
18                                        )
    v.                                    )
19                                        )   **AMENDED COMPLAINT-IN-**
    KENSINGTON COMPUTER                   )   **INTERVENTION OF**
20  PRODUCTS GROUP, a division of ACCO    )   **INTERVENOR DISPLAYLINK**
    Brands Corporation, a Delaware corporation; ) **CORPORATION**
21  GWC TECHNOLOGY, INC., a California    )
    corporation; GOOD WAY TECHNOLOGY CO. )
22  LTD., a Taiwan corporation; and GOOD WAY ) **DEMAND FOR JURY TRIAL**
    ELECTRONICS, a China corporation.     )
23                                        )
              Defendants,                 )
24                                        )
    DISPLAYLINK CORPORATION,              )
25  a Washington corporation              )
                                          )
26            Intervenor.                 )
    _____)
27

28

AMENDED COMPLAINT-IN-
INTERVENTION
CASE NO.: 5:07-CV-05707-RMW

1    By leave of Court, Intervenor DisplayLink Corporation ("DisplayLink") hereby

2  unites with defendants in this action in defending against claims by plaintiff and alleges

3  for its Amended Complaint-in-Intervention, on personal knowledge regarding its own

4  activities and on information and belief regarding the activities of others, as follows:

5                                    **PARTIES**

6    1.    DisplayLink is a privately held Washington corporation with its corporate

7  headquarters at 480 South California Avenue, Suite 304, Palo Alto, California.

8  DisplayLink was founded in December 2003 and is in the business of designing and

9  selling cutting edge display interface technology that uses digital network and bus

10  interfaces to connect PCs to displays.  DisplayLink's adapter technology enables personal

11  computers and lap tops to connect to displays via a universal serial bus (USB)

12  connection.

13    2.    Magic Control Technology ("MCT") is a Taiwanese corporation

14  headquartered at 6F, No. 120-11, Sec. 3, Jhongshan RD., Jhonghe City, Taipei 235,

15  Taiwan, R.O.C.

16    3.    Kensington Computer Products Group ("Kensington") is headquartered at

17  333 Twin Dolphin Drive, Sixth Floor, Redwood Shores, California, and is a division of

18  ACCO Brands Corporation, a Delaware corporation.

19    4.    GWC Technology, Inc., is a California corporation headquartered at 345

20  Cloverleaf Drive, Suite A, Baldwin Park, California.

21    5.    Good Way Technology Co., Ltd. is a Taiwanese corporation

22  headquartered at 3F, No. 135, Lane 235, Pau-Chiao Rd., Hsin-Tien City, 231 Taipei

23  County, Taiwan.

24    6.    Good Way Electronics is a China corporation headquartered at 366

25  Chang-Jiang N. Rd., Kun-Shan, Jiangsu, China.  Collectively GWC Technology, Inc.,

26  Good Way Technology Co., Ltd., and Good Way Electronics are "Good Way."

27  Kensington and Good Way are "Defendants."  Defendants are DisplayLink customers.

28

AMENDED COMPLAINT-IN-
INTERVENTION                          -1-
CASE NO.: 5:07-CV-05707-RMW

**JURISDICTION AND VENUE**

7.    This Court has jurisdiction over the subject matter of this Complaint-in-Intervention pursuant to 28 U.S.C. §§ 2201-2202, 1331 and/or 1338(a), because this action involves a claim arising under the patent laws of the United States.

8.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and/or 1400(b).

**BACKGROUND FACTS**

9.    MCT claims that it owns United States Patent Number 7,203,788 ("the '788 patent"), entitled, "USB-to-VGA Converter."  MCT claims that the '788 patent is valid and enforceable.  A true and correct copy of the '788 patent is attached hereto as Exhibit A.

10.    Between December 2006 and April 2007, MCT engaged in a series of acts that indicated its intent to assert its alleged claim under the '788 patent against DisplayLink's technology.  Specifically, MCT made statements to DisplayLink customers and commercial partners, including Defendant Kensington, that it intended to enforce its rights in the '788 patent against competing USB-to-VGA display adapter technology.

11.    In January, 2007, despite having earlier reached an agreement with DisplayLink to resolve the '788 patent dispute through arbitration, MCT demanded that DisplayLink direct its customers and commercial partners to use MCT's facilities to produce products incorporating DisplayLink's USB-to-VGA technology.  MCT further demanded that DisplayLink inform its customers and commercial partners that they will be required to pay a license fee to MCT for rights arising under the '788 patent.

12.    DisplayLink also learned that MCT had expressly told a DisplayLink customer that it would be required to use MCT's facilities for the production of its products that incorporate DisplayLink's USB-to-VGA technology and that it would be required to pay a licensing fee to MCT for the production of such products.

AMENDED COMPLAINT-IN-INTERVENTION
CASE NO.: 5:07-CV-05707-RMW

-2-

13.     On March 30, 2007, DisplayLink discovered that MCT CEO, Mr. Liu, believed that the two companies should not engage in negotiations (or the previously agreed-to arbitration) relating to the '788 patent before MCT instituted legal proceedings against DisplayLink.  And, in early April, DisplayLink received reports that MCT was investigating whether DisplayLink's products indeed infringed one or more claims of the '788 patent.  Consistent with these reports, MCT requested that DisplayLink provide sample pieces of its USB-to-VGA products to MCT's patent counsel.

14.     Based on the above conduct—and in an effort to protect itself and its customers—on April 10, 2007, DisplayLink filed a complaint in the Northern District of California (where it is located) for a declaratory judgment of non-infringement and invalidity of the '788 patent ("the DisplayLink Suit").  The complaint in the DisplayLink Suit is attached hereto as Exhibit B.

15.     On June 5, 2007, MCT filed its answer and counterclaims in the DisplayLink Suit, alleging that DisplayLink's USB-to-VGA technology infringes the '788 patent.  A true and correct copy of MCT's answer and counterclaims is attached hereto as Exhibit C.

16.     Over three months later and despite the pending action between MCT and DisplayLink, on July 20, 2007, MCT filed the instant action against DisplayLink's customers, defendants Kensington and Good Way.  The complaint alleges infringement of the '788 patent by Defendants for making, using, offering for sale, and selling products that "incorporate[] a USB to VGA converter."

17.     The USB-to-VGA converter technology that Defendants utilize in their accused products, import, sell, and/or offer for sale is provided and manufactured by DisplayLink.

18.     The USB-to-VGA converter technology is the only component of Defendants' accused products in any way related to the invention claimed in the asserted '788 patent entitled "USB-to-VGA Converter."

AMENDED COMPLAINT-IN-INTERVENTION
CASE NO.: 5:07-CV-05707-RMW

-3-

19.    In light of the DisplayLink Suit now pending in the Northern District of California and the subject matter of this lawsuit, DisplayLink clearly has an interest in this action.

20.    DisplayLink has standing to bring this amended complaint-in-intervention because there is an actual, valid and justiciable controversy between DisplayLink and MCT.   DisplayLink manufactures and supplies to Defendants the product component that is at the heart of this litigation, and has also agreed to defend and indemnify its customers, Defendants in this action, against MCT's claims of infringement.

21.    In sum, DisplayLink intervenes in this action on the grounds that it has an interest in defending its technology and its customers against MCT's claims of infringement under the '788 patent which is the subject matter of this action which involves claims by MCT that DisplayLink's technology and customers infringe the '788 patent, claims against which DisplayLink has agreed to defend and indemnify Defendants.  DisplayLink is situated such that the resolution of this action without its involvement would likely impair or impede its ability to protect its interests in light of the fact that the indemnified defendants cannot adequately represent DisplayLink's interest insofar as it is DisplayLink who controls the manufacture and design of the accused technology and DisplayLink who would ultimately be liable for any alleged damages. DisplayLink is further interested in the resolution of this action in light of the action for declaratory relief pending in the Northern District of California and involving nearly identical claims and defenses, including the noninfringement and invalidity of the '788 patent.

### FIRST CAUSE OF ACTION
**(Declaratory Judgment of Invalidity and Noninfringement
of U.S. Patent No. 7,203,788)**

22.    Intervenor DisplayLink repeats and realleges the allegations of paragraphs 1 through 21 in their entirety.

23.   Under the circumstances set forth above, a valid and justiciable controversy has arisen and exists between DisplayLink and MCT regarding the '788 patent.  DisplayLink desires a judicial determination and a declaration of the respective rights of the parties.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

24.   Each claim of the '788 patent is invalid because it fails to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in §§ 102, 103, and/or 112 of Title 35 of the United States Code.

25.   DisplayLink has not infringed, has not willfully infringed, and is not now infringing directly or indirectly, including contributorily or by inducement, any claim of the '788 patent, and, therefore, DisplayLink is not liable for infringing the '788 patent.

<u>**SECOND CAUSE OF ACTION**</u>
**(Declaratory Judgment of Unenforceability**
**of U.S. Patent No. 7,203,788)**

26.   Intervenor DisplayLink repeats and realleges the allegations of paragraphs 1 through 21 in their entirety.

27.   This declaratory judgment action is asserted against MCT under the patent laws, Title 35, United States Code and under Title 28, United State Code, §§ 2201 and 1338(a).

28.   MCT has averred that the '788 patent was duly and legally issue, it is the lawful owner, including the right to sue and to recover for any and all infringement of the '788 patent.

29.   DisplayLink is informed and believes, and thereon alleges that the '788 patent is unenforceable due to MCT's fraud and/or inequitable conduct in the prosecution of the '788 patent.  On information and belief, while prosecuting the '788 Patent, Pei Chung Liu (the named inventor), MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application intentionally

1   withheld and/or failed to disclose the following pieces of known material prior art with

2   the intent to deceive the U.S. Patent Office:

3            a)      Japanese Patent Publication H11-311969, titled "Display device,

4   signaling system converting device and signal transmission device;"

5            b)      Japanese Patent Publication H10-254819, titled "Bus Converting

6   Adapter";

7            c)      Japanese Patent Publication H09-198874, titled "Random access

8   memory array"; and

9            d)      Japanese Patent Publication 2001-202241, titled "Digital processing

10   system equipped with microprocessor in which execution packet span two or more

11   extraction packet and method for operating the same system".

12       30.     In addition, also on information and belief, Mr. Liu, MCT's Taiwan patent

13   counsel, and/or other persons substantively involved in the preparation or prosecution of

14   the application that led to the issuance of the '788 Patent failed to disclose other material

15   information regarding these four prior art patents.  Specifically, these persons

16   intentionally withheld and/or failed to disclose any of the following material facts:

17            a)      On or about April 6, 2004, MCT requested that the Japanese Patent

18          Office conduct a technical evaluation of MCT's Utility Model Patent for a USB-

19          to-VGA Interface Conversion Device, Registration No. 3100747 (hereafter

20          "MCT's Japanese Patent").

21

22            (b)     The specification and claims of MCT's Japanese Patent, which was

23          registered on September 29, 2003, is similar in all material respects to the '788

24          Patent.

25            (c)     On May 11, 2004, the Japanese Patent office issued its technical

26          evaluation of MCT's Japanese Patent.  In its technical evaluation, the Japanese

27

28

Patent Office found all eighteen claims of MCT's Japanese Patent obvious in light of the four Japanese prior art patents identified above.

31.    Therefore, there has been and is now an actual controversy between DisplayLink and MCT as to the enforceability of the '788 patent.

32.    DisplayLink desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with DisplayLink's foregoing contentions. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, DisplayLink requests entry of judgment in its favor and against MCT as follows:

a.    Declaring that DisplayLink has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid and/or enforceable claim of the '788 patent;

b.    Declaring that the claims of the '788 patent are invalid;

c.    Declaring that the '788 patent and any patents claiming priority to the '788 patent are unenforceable;

d.    Enjoining MCT, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claims that DisplayLink or its customers by the use of DisplayLink technology infringe the '788 patent;

e.    Declaring this to be an exceptional case under 35 U.S.C. §§ 285 and awarding DisplayLink reasonable attorneys' fees incurred in connection with this action;

f.    Granting DisplayLink costs incurred in connection with this action; and

g.    Granting such other and further relief as this Court may deem just and proper in law and equity.

AMENDED COMPLAINT-IN-INTERVENTION
CASE NO.: 5:07-CV-05707-RMW

-7-

1    Dated:  July 22, 2008                    WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
2

3

4                                            By: /s/        Monica M. Eno
                                                        Monica Mucchetti Eno
5
                                              Attorneys for Intervenor
6                                             DISPLAYLINK CORPORATION.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2          Intervenor DisplayLink Corporation demands a trial by jury of all matters to

3    which it is entitled to trial by jury, pursuant to Fed. R. Civ. P. 38 and Civil L.R. 3-6.

4

5

6    Dated:  July 22, 2008                 WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
7

8

9                                          By: /s/        Monica M. Eno
                                                     Monica Mucchetti Eno
10

11                                         Attorneys for Intervenor
                                           DISPLAYLINK CORPORATION.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



US007203788B2

(12) **United States Patent**
Liu

(10) **Patent No.:** **US 7,203,788 B2**
(45) **Date of Patent:** **Apr. 10, 2007**

(54) **USB-TO-VGA CONVERTER**

(75) Inventor: **Pei Chung Liu**, ChungHo (TW)

(73) Assignee: **Magic Control Technology Corporation**, Taipei (TW)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 392 days.

(21) Appl. No.: **10/316,013**

(22) Filed: **Dec. 11, 2002**

(65) **Prior Publication Data**

US 2004/0117538 A1    Jun. 17, 2004

(51) **Int. Cl.**
*G06F 13/36*    (2006.01)

(52) **U.S. Cl.** ...................... 710/315; 710/107; 710/100; 710/305; 710/306

(58) **Field of Classification Search** ................ 710/315, 710/22, 308, 310, 100, 305–306
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 6,175,789 B1 * | 1/2001 | Beckert et al. | ................ | 701/33 |
| 6,202,008 B1 * | 3/2001 | Beckert et al. | ................ | 701/33 |
| 6,285,398 B1 * | 9/2001 | Shinsky et al. | ................ | 348/223.1 |
| 6,624,797 B1 * | 9/2003 | Wheeler et al. | ................ | 345/1.2 |
| 6,629,926 B1 * | 10/2003 | Finger et al. | ................ | 600/437 |
| 2001/0032280 A1 * | 10/2001 | Osakada et al. | ............ | 710/129 |

| | | | |
|---|---|---|---|
| 2002/0135584 A1 * | 9/2002 | Lee | .............................. 345/531 |
| 2004/0021615 A1 | 2/2004 | Benson et al. | |
| 2004/0153778 A1 * | 8/2004 | Cheng | .......................... 714/25 |

OTHER PUBLICATIONS

Subramaniam, K, "VinChip Announces Release of USB-PCI Device Bridge IP", San Jose, CA.
National Semiconductor, USBN9602 (Universal Serial Bus) Full Speed Function Controller With DMA Support, Nov. 1998.

* cited by examiner

*Primary Examiner*—Rehana Perveen
*Assistant Examiner*—Kim T. Huynh
(74) *Attorney, Agent, or Firm*—Rosenberg, Klein & Lee

(57) **ABSTRACT**

A USB-to-VGA converter includes a USB controller connectable to a USB port of a computer for receiving USB based display signals from the computer, a VGA controller connectable to a display device for conveying VGA signals to the display device and a bridge connected between the USB controller and the VGA controller. The bridge receives a bus control command from the USB controller and issues a first-in-first-out control signal to the USB controller to receive the USB based display signals from the USB controller in a first-in-first-out manner. The bridge circuit converts the USB based display signals into corresponding VGA signals and forwarding the VGA signals to the VGA controller, which in turn applies the VGA signals to the display device. No display interface card is required inside the host computer for generation of the VGA signals.

**19 Claims, 6 Drawing Sheets**





FIG.1



FIG.2



FIG.3



FIG.4



FIG.5







FIG.6

US 7,203,788 B2

1

## USB-TO-VGA CONVERTER

### BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates generally to a USB (Universal Serial Bus) to VGA (Video Graphics Array) converter, and in particular to a USB-to-VGA converter connectable between a USB port of a computer and a VGA display device.

2. The Related Art

A computer system comprises a display device connected to a host machine of the computer system for receiving display signals from the host computer and displaying messages associated with the display signals. The connection between the display device and the host computer is provided by an interface circuit built in the host computer, such as a PCI (Peripheral Component Interconnect) display interface and an AGP (Accelerated Graphics Port) display interface. A display interface card is mounted on a main board of the host computer for transmission of VGA signals to the display device. The display interface card occupies a portion of the limited space inside the host computer and in addition, increases the overall costs of the computer system. The display interface card is often connected to the display device by a cable for transmission of the display signals. The cable is adverse to the management of peripheral devices of the computer system and limits the distance that the display signals can be transmitted therethrough.

### SUMMARY OF THE INVENTION

Thus, an object of the present invention is to provide a USB-to-VGA converter which converts USB based display signals issued from a host computer into VGA signals that can be received and recognized by a display device whereby image to be displayed can be transmitted from the host computer in USB form.

Another object of the present invention is to provide a USB-to-VGA converter that converts USB based display signals from a host computer into VGA signals in a first-in-first-out manner for display in a VGA display device.

A further object of the present invention is to provide a USB-to-VGA converter that allows for direct transmission of USB signals from a host computer to a display device without adding any display interface card inside the host computer.

To achieve the above objects, in accordance with the present invention, there is provided a USB-to-VGA converter comprising a USB controller connectable to a USB port of a computer for receiving USB based display signals from the computer, a VGA controller connectable to a display device for conveying VGA signals to the display device and a bridge connected between the USB controller and the VGA controller. The bridge receives a bus control command from the USB controller and issues a first-in-first-out control signal to the USB controller to receive the USB based display signals from the USB controller in a first-in-first-out manner. The bridge circuit converts the USB based display signals into corresponding VGA signals and forwarding the VGA signals to the VGA controller, which in turn applies the VGA signals to the display device. No display interface card is required inside the host computer for generation of the VGA signals.

### BRIEF DESCRIPTION OF THE DRAWINGS

The present invention will be apparent to those skilled in the art by reading the following description of preferred embodiments thereof, with reference to the attached drawings, in which:

2

FIG. 1 is a system block diagram of a USB-to-VGA converter constructed in accordance with the present invention;

FIG. 2 is a block diagram of a bridge circuit of the USB-to-VGA converter of the present invention;

FIG. 3 is a block diagram of a bridge circuit of the USB-to-VGA converter in accordance with a different embodiment of the present invention;

FIG. 4 is a flow chart illustrating a process for a host computer to issue USB display signals to a USB controller;

FIG. 5 is a schematic view illustrating an application of the USB-to-VGA converter in connecting a display device to a host computer; and

FIG. 6 is a schematic view illustrating a different application of the USB-to-VGA converter in connecting a display device to a host computer.

### DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

With reference to the drawings and in particular to FIG. 1, a USB-to-VGA converter constructed in accordance with the present invention, generally designated with reference numeral 100, comprises a USB controller 10, a VGA controller 20 and a bridge 30 connected between the USB controller 10 and the VGA controller 20. The USB controller 10 is connectable to a USB port 210 of a host computer 200 for receiving USB based display signals from the host computer 200. The VGA controller 20 is connectable to a display device 300 whereby the USB-to-VGA converter 100 provides a signal conversion and connection between the host computer 200 and the display device 300.

The bridge 30 that is connected between the USB controller 10 and the VGA controller 20 receives the USB based display signals from the USB controller 10 in a first-in-first-out (FIFO) manner and converts the USB based display signals into corresponding standard VGA signals which is then applied to the VGA controller 20. The VGA controller 20 in turn forwards the VGA signals to the display device 300 for display by the display device 300.

Also referring to FIG. 2, the bridge 30 comprises a firmware interface 31, a first-in-first-out (FIFO) controller 32 and a display interface conversion device 33. The firmware interface 31 is connected to the USB controller 10 and receives a bus control command A from the USB controller 10. The firmware interface 31 is also connected to the display interface conversion device 33 by a control bus B and a data bus C for transmission of a DMA control signal, a firmware control signal and a control command therebetween for allowing the display interface conversion device 33 to convert the USB based display signals into the corresponding VGA signals D which can be of PCI type or AGP type, but is not limited thereto.

The FIFO controller 32 is connected to the USB controller 10 by a data bus E and a control line F. The FIFO controller 32 issues control instructions to the USB controller 10 via the control line F for controlling the USB controller 10 to forward the USB based display signals received from the host computer 200 to the FIFO controller 32 in a FIFO manner via the data bus E. The FIFO controller 32 is connected to the display interface conversion device 33 by a data bus G and a control line H whereby the FIFO controller 32 issues FIFO control instruction to the display interface conversion device 33 via the control line H in order to convey the USB based display signals from the FIFO controller 32 to the display interface conversion device 33 in a FIFO manner via the data bus G. The display interface

US 7,203,788 B2

3

conversion device 33 then converts the USB based display signals into the corresponding VGA signals D and applies the VGA signals D to the display device 300.

FIG. 3 shows a block diagram of a different embodiment of the bridge 30 in which the display interface conversion device, which is designated with reference numeral 33' for distinction, is embodied as a PCI interface. The firmware interface 31 receives a PIO bus control command A' that is issued by the USB controller 10. The firmware interface 31 is connected to the display interface conversion device 33' by a DMA address control bus B1, a DMA length control line B2, a DMA trigger control line B3, a firmware trigger control line B4 and a data bus C whereby the firmware interface 31 controls DMA address, data length and trigger signal of the display interface conversion device 33' and the triggering of the firmware by means of the DMA address control line B1, the DMA length control line B2, the DMA trigger control line B3, and the firmware trigger control line B4 and forwards control instructions and data to the display interface conversion device 33' via the data bus C.

In the embodiment illustrated in FIG. 3, similar to that shown in FIG. 2, the FIFO controller 32 is connected to the USB controller 10 by a data bus E and a control line F. The FIFO controller 32 issues control instructions to the USB controller 10 via the control line F for controlling the USB controller 10 to forward the USB based display signals received from the USB controller 10 to the FIFO controller 32 in a FIFO manner via the data bus E. The FIFO controller 32 is connected to the display interface conversion device 33' by a data bus G and a control line H whereby the FIFO controller 32 issues a FIFO control instruction to the display interface conversion device 33' via the control line H in order to convey the USB based display signals from the FIFO controller 32 to the display interface conversion device 33' in a FIFO manner via the data bus G. The display interface conversion device 33', based on the control signals including the DMA address, the data length, the trigger signal and the firmware triggering signal issued by the firmware interface 31 via the DMA address control line B1, the DMA length control line B2, the DMA trigger control line B3 and the firmware trigger control line B4, converts the USB based display signals into the corresponding PCI type VGA signals D' and applies the VGA signals D' to the display device 300.

The bridge 30 comprised of the USB-to-VGA converter of the present invention is embodied in for example a FPGA (Field Programmable Gate Array) chip. However, it can also be embodied in a single chip integrated circuit of different form, such as an ASIC, in which the firmware interface 31, the FIFO controller 32 and the display interface conversion device 33 (33') are integrated.

FIG. 4 shows an operation process of the USB-to-VGA converter 100 working with a host computer 200 to control the display device 300. The operation process discussed herein is based on the WINDOWS operation system released by Microsoft Company, comprising the following steps: in step 400, application software of the host computer 200 issues a request for display of messages. In step 410, the host computer 200 initiates GDI32 display control function and forward the display messages of the application software to a graphics engine. The graphics engine is started in step 420 for processing the messages to be displayed. In step 430, a graphics driver is actuated to process and drive the displayed screen information. In step 440, the information is transmitted via the USB interface.

Based on the above description of the operation process of the USB-to-VGA converter 100, the USB-to-VGA converter

4

100 can work with any computer systems running under any operation systems. No hardware based display card is required inside the computer 200. The space that is traditionally occupied by the display card inside the computer 200 is thus saved. In addition, no large cable connected between the display device and the host computer is needed.

FIG. 5 shows an application of the USB-to-VGA converter of the present invention in a computer system comprising a display device 300 and a host computer 200. The USB-to-VGA converter 100 is encased in and embodied as an "adaptor" 600. In other words, the USB controller 10, the VGA controller 20 and the bridge 30 are arranged inside the adaptor 600. The adaptor 600 forms a VGA plug 620 releasably mating a signal inlet port 310 of the display device 300 and a USB socket 610 into which a USB plug 510 formed on an end of a USB cable 500 is plugged. An opposite end of the USB cable 500 forms another USB plug 510 for engaging a USB port 210 of the host computer 200 thereby connecting the host computer 200 to the display device 300.

FIG. 6 shows a different application of the USB-to-VGA converter of the present invention in a computer system comprising a display device 300 and a host computer 200 connected by a USB cable 500. The USB controller 10, the VGA controller 20 and the bridge 30 of the USB-to-VGA converter 100 of the present invention are integrated with a display control circuit 320 built inside the display device 300. The display control circuit 320 comprises a USB socket 330 exposed for engagement with a USB plug 510 formed on an end of the USB cable 500. An opposite end of the USB cable 500 forms another USB plug 510 for engaging a USB port 210 of the host computer 200 thereby connecting the host computer 200 to the display device 300. The VGA controller 20 is coupled to the display control circuit 320 for direct supply of VGA signals to the display device 300.

The present invention is aimed to provide a simple and low cost measure for connecting a host computer to a display device without a hardware based display interface card mounted inside the host computer. A USB cable can simply connect the display device to the host computer and allows for transmission of display signals in USB form that has a broad bandwidth and low signal lose. The USB signal is then converted into a VGA signal for proper display by the display device. Costs of the cable itself and the installation of the cable between the computer and the display device are thus substantially reduced. Flexibility of the arrangement of the display device with respect to the computer is also enhanced.

Although the present invention has been described with reference to the preferred embodiments thereof, it is apparent to those skilled in the art that a variety of modifications and changes may be made without departing from the scope of the present invention which is intended to be defined by the appended claims.

The invention claimed is:

1. A USB-to-VGA converter interconnecting through a USB port of a computer a display device controlled the computer comprising:

a USB controller disposed external to the computer and adapted to detachably connect to a USB port of the computer for receiving exclusively therethrough USB based display signals from the computer, the USB controller issuing a bus control command;

a VGA controller disposed external to the computer and adapted to connect to the display device for conveying VGA signals to the display device; and

US 7,203,788 B2

5

a bridge disposed external to the computer and connecting the USB controller and the VGA controller one to the other for the passage of data therebetween, the bridge receiving the bus control command and issuing a first-in-first-out control signal to the USB controller to receive the USB based display signals from the USB controller in a first-in-first-out manner, the bridge circuit converting the USB based display signals into corresponding VGA signals and forwarding the VGA signals to the VGA controller which in turn applies the VGA signals to the display device.

2. The USB-to-VGA converter as claimed in claim 1, wherein the USB controller comprises a USB socket.

3. The USB-to-VGA converter as claimed in claim 1, wherein the VGA controller comprises a VGA plug.

4. The USB-to-VGA converter as claimed in claim 1, wherein the converter is encased in an adaptor which comprises a USB socket for connection with the USB port of the computer.

5. The USB-to-VGA converter as claimed in claim 4, wherein the adaptor further comprises a VGA plug for connection with the display device.

6. The USB-to-VGA converter as claimed in claim 1, wherein the USB controller, the bridge circuit and the VGA controller are integrated with a display control circuit built inside the display device.

7. The USB-to-VGA converter as claimed in claim 6, wherein the USB controller comprises a USB socket for connection with the USB port of the computer.

8. The USB-to-VGA converter as claimed in claim 6, wherein the VGA controller is directly connected to the display control circuit of the display device.

9. The USB-to-VGA converter as claimed in claim 1, wherein the bridge circuit comprising:

a firmware interface connected to the USB controller for receiving the bus control signal from the USB controller and issuing a DMA control signal, a firmware control signal and control command data;

a first-in-first-out controller connected to the USB controller for issuing the first-in-first-out control signal to the USB controller to receive the USB based display signals from the USB controller in a first-in-first-out manner; and

a display interface conversion device connected to the firmware interface, the first-in-first-out controller and the VGA controller for receiving the DMA control signal, the firmware control signal and the control command data from the firmware interface and being controlled by the first-in-first-out control signal from the first-in-first-out controller to receive the USB based display signals from the USB controller in a first-in-first-out manner, the display interface conversion device converting the USB based display signals into the corresponding VGA signals and forwarding the VGA signals to the VGA controller.

10. The USB-to-VGA converter as claimed in claim 9, wherein the bus control signal from the USB controller to the firmware interface comprises a PIO bus control signal.

6

11. The USB-to-VGA converter as claimed in claim 9, wherein the firmware interface is connected to the display interface conversion device by a control bus and a data bus.

12. The USB-to-VGA converter as claimed in claim 9, wherein the firmware interface is connected to the display interface conversion device by a DMA address control line, a DMA length control line, a DMA trigger control line, a firmware trigger control line and a data bus.

13. The USB-to-VGA converter as claimed in claim 9, wherein the first-in-first-out controller is connected to the USB controller by a control line and a data bus.

14. The USB-to-VGA converter as claimed in claim 9, wherein the first-in-first-out controller is connected to the display interface conversion device by a control line and a data bus.

15. The USB-to-VGA converter as claimed in claim 9, wherein the VGA signals comprise PCI type VGA display signals.

16. The USB-to-VGA converter as claimed in claim 9, wherein the firmware interface, the first-in-first-out controller and the display interface conversion device are integrated in a single chip integrated circuit.

17. The USB-to-VGA converter as claimed in claim 16, wherein the integrated circuit comprises a field programmable gate array integrated circuit.

18. The USB-to-VGA converter as claimed in claim 16, wherein the integrated circuit comprises an ASIC integrated circuit.

19. A discrete USB-to-VGA converter externally interconnecting in detachable manner through a USB port of a computer a display device controlled the computer comprising:

a USB controller disposed external to the computer and detachably connected to a USB port of the computer for receiving exclusively therethrough USB based display signals from the computer, the USB controller issuing a bus control command;

a VGA controller disposed external to the computer for connection to the display device for conveying VGA signals to the display device; and

a bridge disposed external to the computer and interconnecting the USB controller and the VGA controller one to the other for the passage of data therebetween, the bridge receiving the bus control command and issuing a first-in-first-out control signal to the USB controller to receive the USB based display signals from the USB controller in a first-in-first-out manner, the bridge circuit converting the USB based display signals into corresponding VGA signals and forwarding the VGA signals to the VGA controller which in turn applies the VGA signals to the display device.

*  *  *  *  *

# EXHIBIT B

ADR

E-filing

ORIGINAL
FILED
07 APR 10 AM 11: 46
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S J

1   JAMES C. YOON, State Bar No. 177155
    RYAN SMITH, State Bar No. 229323
2   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
3   650 Page Mill Road
    Palo Alto, CA 94304-1050
4   Telephone: (650) 493-9300
    Facsimile:  (650) 565-5100
5   jyoon@wsgr.com
    rsmith@wsgr.com
6

7   Attorneys for Plaintiff
    DISPLAYLINK CORPORATION

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13  DISPLAYLINK CORPORATION, a Washington  )  CASE NO.:  C07  01998
    corporation,                           )
14                                         )  COMPLAINT FOR
                   Plaintiff,              )  DECLARATORY JUDGMENT OF
15                                         )  PATENT NON-INFRINGEMENT
          v.                               )  AND INVALIDITY
16                                         )
    MAGIC CONTROL TECHNOLOGY,              )  EMC
    CORPORATION, a Taiwanese Corporation;  )
17                                         )  DEMAND FOR JURY TRIAL
                   Defendants.             )
18                                         )
                                           )
19  _____)

20        DisplayLink Corporation ("DisplayLink") hereby alleges for its complaint against

21  defendant Magic Control Technology Corporation ("MCT") on personal knowledge as to their

22  own actions and on information and belief as to actions of others, as follows:

23                            **THE PARTIES**

24        1.     Declaratory plaintiff DisplayLink is a privately held Washington corporation with

25  its corporate headquarters at 480 South California Avenue, Suite 304, Palo Alto, California

26  94306.

27        2.     DisplayLink was founded in December 2003.  DisplayLink is in the business of

28  designing and selling cutting edge display interface technology that uses digital network and bus

1    interfaces to connect PCs to displays.  DisplayLink adapter technology enables personal

2    computers and lap tops to connect to display via a universal serial bus (USB) connection.

3         3.    Upon information and belief, declaratory defendant Magic Control Technology

4    Corporation is a Taiwanese corporation with offices at 6F, #120-11, Sec 3, Jhongshan Rd.,

5    Jhonghe City, Taipei 235, Taiwan, R.O.C.

6                        **JURISDICTION AND VENUE**

7         4.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.

8    §§ 1331 and 1338(a), because this action involves a claim arising under the patent laws of the

9    United States, 35 U.S.C. § 1, *et seq*, and under the Federal Declaratory Judgment Act, 28 U.S.C.

10   §§ 2201 and 2202.

11        5.    Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C.

12   §§ 1391(a), 1391(b), 1391(c), and/or 1400(b), in that DisplayLink resides in this judicial district,

13   and a substantial part of the events giving rise to this action are occurring in this judicial district.

14   MCT products, upon information and belief, are incorporated into the products of others and are

15   offered for sale and/or sold in the Northern District of California through retail outlets including

16   CompUSA.

17                       **FIRST CAUSE OF ACTION**
                **(Declaratory Judgment of Invalidity of U.S. Patent No. 7,203,788)**

18

19        6.    DisplayLink repeats and realleges the allegations of paragraphs 1 through 5 in

20   their entirety.

21        7.    MCT claims that it owns United States Patent Number 7,203,788 ("the '788

22   patent"), entitled, "USB-to-VGA Converter."  A true and correct copy of the '788 patent is

23   attached hereto as Exhibit A.

24        8.    Through its communications and conduct, MCT has indicated that it will assert its

25   rights under the '788 patent against DisplayLink products.

26        9.    Since late 2006, MCT has been making statements to certain DisplayLink

27   customers and commercial partners that it intends to enforce its rights in the '788 patent against

28   competing USB-to-VGA display adapter providers.  DisplayLink is MCT's primary, if not only,

1   competitor in the market for USB-to-VGA display adapters. These statements threaten to disrupt

2   DisplayLink's relationship with these customers and partners.

3       10.    On January 10, 2007, in an effort to address the concerns being expressed by its

4   customers and commercial partners, Hamid Farzaneh, DisplayLink's CEO, met with James Liu,

5   MCT's CEO, at the Consumer Electronics Show in Las Vegas, Nevada.

6       11.    During the January 10, 2007 meeting, DisplayLink and MCT discussed ways of

7   resolving any dispute between the two companies regarding the '788 patent. As a result of these

8   discussions, the companies agreed to submit the '788 patent dispute to an arbitration panel

9   comprised of three arbitrators. The companies also agreed they would be jointly bound by the

10  recommendation of the panel as determined by a majority vote of the three arbitrators.

11      12.    Further, DisplayLink and MCT agreed that in the event that the panel determined

12  that DisplayLink's USB-to-VGA display adapter technology falls within the scope of the '788

13  patent, the two companies would negotiate a mutually agreed upon compensation to MCT for

14  use of the '788 patent. However, in the event that the panel determined DisplayLink's USB-to-

15  VGA technology did not infringe the '788 patent, MCT would agree that it would not assert the

16  '788 patent against DisplayLink or its customers and commercial partners.

17      13.    After the January 10, 2007 meeting, MCT walked away from the parties'

18  agreement and began to engage in a series of aggressive acts to disrupt DisplayLink's business.

19  Instead of working with DisplayLink to resolve the dispute through arbitration, MCT demanded

20  that DisplayLink direct its customers and commercial partners to use MCT's facilities to produce

21  their products incorporating DisplayLink USB-to-VGA technology. MCT made this demand

22  with knowledge that it had not participated in the agreed upon arbitration to determine if the '788

23  patent covered DisplayLink's adapter technology. MCT's demands did not stop at

24  manufacturing.

25      14.    Subsequent to January 10, 2007, MCT further demanded that DisplayLink inform

26  its customers and commercial partners that they will be required to pay MCT a license fee for

27  rights arising under the '788 patent. As with its manufacturing demand, MCT made its licensing

28

1  demand with full knowledge that no arbitration panel nor judicial body had ever determined that

2  DisplayLink's adapter technology was covered by the '788 patent.

3       15.    In late January 2007, MCT continued its pattern of disrupting DisplayLink's

4  business. DisplayLink was informed that MCT had expressly told a DisplayLink customer that

5  they would be required to use MCT's facilities for the production of their products incorporating

6  DisplayLink's USB-to-VGA adapter technology and that they would be required to pay a

7  licensing fee to MCT for the production of such products.

8       16.    On March 30, 2007, DisplayLink learned that MCT CEO, Mr. Liu, believes that

9  the two companies should not engage in negotiations relating to the '788 patent before MCT

10  institutes legal proceedings against DisplayLink.

11       17.    Recently, DisplayLink received reports that MCT is investigating whether

12  DisplayLink's products indeed infringe one or more claims of the '788 patent. Consistent with

13  these reports, MCT recently requested that DisplayLink provide sample pieces of its USB-to-

14  VGA products to MCT's patent counsel.

15       18.    Based on the above conduct, this Court has jurisdiction over this action. There is

16  a clear and objective basis for DisplayLink to believe that there is a real and imminent danger

17  that MCT will sue for alleged infringement of the '788 patent. Furthermore, a declaratory

18  judgment action is proper because MCT's frequent allegations of infringement against

19  DisplayLink and its customers are (1) endangering DisplayLink customer relationships and (2)

20  may give rise to patent infringement indemnification claims against DisplayLink by its

21  customers. This declaratory judgment action seeks a prompt and definitive resolution of MCT's

22  claim that DisplayLink's adapter technology incorporates the inventions of the '788 patent.

23       19.    Based on the above conduct, DisplayLink is informed and believes, and on that

24  basis avers, that MCT contends that the '788 patent is valid and enforceable.

25       20.    DisplayLink contends that the '788 patent is invalid because it fails to satisfy the

26  conditions and requirements for patentability as set forth, *inter alia*, in Sections 102, 103, and/or

27  112 of Title 35 of the United States Code.

28

21.   On at least the basis that it believes the '788 patent is invalid, DisplayLink does not require a license to the '788 patent and has the right to continue selling its display adapter product incorporating, among other technologies, USB-to-VGA conversion, without interference from MCT's '788 patent.

22.   Accordingly, a valid and justiciable controversy has arisen and exists between DisplayLink and MCT. DisplayLink desires a judicial determination and declaration of the respective rights of the duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,203,788)**

23.   DisplayLink repeats and realleges the allegations of paragraphs 1 through 22 in their entirety.

24.   As discussed above, DisplayLink believes that the claims of the '788 patent are invalid because it fails to satisfy the conditions and requirements for patentability as set forth, *inter alia*, in Sections 102, 103, and/or 112 of Title 35 of the United States Code. Unless a patent claim is valid, there can be no finding of infringement.

25.   DisplayLink contends that it has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any claim of the '788 patent.

26.   Accordingly, a valid and justiciable controversy has arisen and exists between DisplayLink and MCT. DisplayLink desires a judicial determination and declaration of the respective rights of the duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff DisplayLink requests entry of judgment in its favor and against defendants MCT as follows:

1     a.     Declaring that DisplayLink has not infringed, willfully infringed, induced others

2  to infringe or contributed to the infringement of any valid claims of the '788 patent;

3     b.     Declaring that the claims of the '788 patent are invalid;

4     c.     Enjoining MCT, its officers, partners, employees, agents, parents, subsidiaries,

5  attorneys, and anyone acting in concert or participation with any of them from making any

6  claims that DisplayLink infringes the '788 patent;

7     d.     Enjoining MCT, its officers, partners, employees, agents, parents, subsidiaries,

8  attorneys, and anyone acting in concert or participation with any of them from instituting or

9  prosecuting any lawsuit or proceeding, placing in issue the right of DisplayLink to make, use or

10  sell the products which allegedly infringe the '788 patent.;

11     e.     Awarding DisplayLink its costs of suit, including reasonable attorneys' fees; and

12     f.     Granting such other and further relief as this Court may deem just and

13  appropriate.

14

15  Dated:  April 10, 2007                  WILSON SONSINI GOODRICH & ROSATI
                                   Professional Corporation

16

17

18                                    By: _____
                                       James C. Yoon

19                                    Attorneys for Plaintiff
                                    DISPLAYLINK CORPORATION

20

21

22

23

24

25

26

27

28

1

### DEMAND FOR JURY TRIAL

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the

3  Local Rules of the United States District Court for the Northern District of California, plaintiff

4  DisplayLink demands a trial by jury of this action.

5

6  Dated:  April 10, 2007                           WILSON SONSINI GOODRICH & ROSATI
                                                     Professional Corporation
7

8
                                                     By: _____
9                                                         James C. Yoon

10                                                   Attorneys for Plaintiff
                                                     DISPLAYLINK CORPORATION
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1  **WANG, HARTMANN & GIBBS, P.C.**
   A Professional Law Corporation
2  Richard F. Cauley (SBN: 109194)
   Franklin E. Gibbs (SBN: 189015)
3  1301 Dove Street, Suite 1050
   Newport Beach, CA 92660
4  Telephone: (949) 833-8483
   Facsimile: (949) 833-2281

5

6

7                 **UNITED STATES DISTRICT COURT**

8                **NORTHERN DISTRICT OF CALIFORNIA**

9

10  DISPLAYLINK CORPORATION, a            Case No. 3:2007cv01998
    Washington corporation
11
                    Plaintiff,
12                                        ANSWER TO COMPLAINT FOR
                                          DECLARATORY JUDGMENT
13  vs.                                   AND COUNTERCLAIM FOR
                                          PATENT INFRINGEMENT
14
15  MAGIC CONTROL TECHNOLOGY,             DEMAND FOR JURY TRIAL
    CORPORATION, a Taiwanese
16  Corporation;
17
                    Defendant.
18
19  MAGIC CONTROL TECHNOLOGY,
    CORPORATION, a Taiwanese
20  Corporation;
21
                    Counterclaim
22                  Plaintiff.
23  vs.
24
25  DISPLAYLINK CORPORATION, a
    Washington corporation
26
                    Counterclaim
27                  Defendant,
28

1    Magic control Technology ("MCT") for its Answer and Counterclaim to the

2   Complaint for Declaratory Judgment brought against it by DisplayLink

3   Corporation ("DisplayLink"), alleges and states as follows:

4                               **THE PARTIES**

5        1.    MCT lacks sufficient information to form a belief as to the truth or

6   falsity of the allegations in this paragraph, and therefore denies such allegations.

7        2.    MCT lacks sufficient information to form a belief as to the truth or

8   falsity of the allegations in this paragraph, and therefore denies such allegations.

9        3.    MCT admits to each and every allegation of this paragraph.

10                       **JURISDICTION AND VENUE**

11        4.    MCT admits the allegations of the paragraph

12        5.    Based on its concurrently-filed counterclaim, MCT does not dispute

13   that there is personal jurisdiction over it in this District; MCT is without sufficient

14   knowledge as to the truth or falsity of the remaining allegations of this paragraph

15   and, therefore denies such allegations.  .

16                       **FIRST CAUSE OF ACTION**

17   **(Declaratory Judgment of Invalidity of U.S. Patent No. 7,203,788)**

18        6.    MCT repeats and realleges its responses to paragraphs 1 through 5 in

19   their entirety.

20        7.    MCT admits that it is the assignee of Untied States Patent Number

21   7,203,788 (the "MCT Patent").  MCT admits that what purports to be a copy of the

22   MCT Patent was attached to the Complaint as Exhibit A.

23        8.    MCT admits that it intends to enforce its patent rights.  As to all other

24   allegations in this paragraph, because of the vagueness of the allegations of this

25   paragraph, MCT lacks sufficient information to form a belief as to the truth or

26   falsity of the allegations and therefore denies such allegations.

27

28

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT

1    9.    Because of the vagueness of the allegations of this paragraph, MCT

2    lacks sufficient information to form a belief as to the truth or falsity of the

3    allegations and therefore denies such allegations.

4    10.    MCT admits that a meeting between Mr. Faraneh and R. Liu occurred

5    on or about January 10, 2007.  As to all other allegations in this paragraph, implied

6    or expressed, MCT lacks sufficient information to form a belief as to the truth or

7    falsity of the allegations and therefore denies such allegations.

8    11.    MCT denies the allegations of this paragraph.

9    12.    MCT denies the allegations of this paragraph.

10    13.    MCT denies the allegations of this paragraph.

11    14.    MCT denies the allegations of this paragraph.

12    15.    MCT denies the allegations of the first sentence of this paragraph and

13    is without sufficient information to form a belief as to the truth or falsity of the

14    remaining allegations.

15    16.    MCT is without sufficient information to form a belief as to the truth

16    or falsity of the allegations of this paragraph.

17    17.    MCT lacks sufficient information to form a belief as to the truth or

18    falsity of the allegations in this paragraph except admits that it requested samples

19    of DisplayLink's USB to VGA products.

20    18.    MCT admits that the Court has jurisdiction over this matter.  As to all

21    other allegations, expressed or implied in this paragraph, MCT denies the

22    allegations.

23    19.    MCT admits that it believes that the MCT Patent is valid and

24    enforceable.

25    20.    MCT lacks sufficient information to form a belief as to the truth or

26    falsity of the allegations in this paragraph but denies that the '788 patent is invalid.

27    21.    MCT denies the allegations of this paragraph.

28

- 3 -

1    22.　MCT admits that a justiciable controversy has arisen between MCT

2  and DisplayLink.  As to all other allegations, expressed or implied in this

3  paragraph, MCT denies the allegations.

4                              **SECOND CAUSE OF ACTION**

5        **(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,203,788)**

6    23.　MCT repeats and realleges its responses to paragraphs 1 through 22.

7    24.　MCT lacks sufficient information to form a belief as to the truth or

8  falsity of the allegations in this paragraph but denies that the '788 patent is invalid..

9    25.　MCT lacks sufficient information to form a belief as to the truth or

10  falsity of the allegations in this paragraph but denies that the '788 patent is not

11  infringed.

12    26.　MCT admits that a justiciable controversy has arisen between MCT

13  and DisplayLink.  As to all other allegations, expressed or implied in this

14  paragraph, MCT denies the allegations.

15

16              **COUNTERCLAIM FOR PATENT INFRINGEMENT**

17

18                          **JURISDICTION AND VENUE**

19
       1.　This Court has original jurisdiction over the claims asserted herein
20
    according to 28 U.S.C. §§ 1331 and 1339.
21
       2.　Venue is proper in this judicial district according to 28 U.S.C. § 1400.
22
                                      **FACTS**
23
       3.　MCT is the owner of all right, title and interest in United States Patent
24
    No. 7,203,788 ("the '788 patent") entitled "USB-to-VGA converter."  A true and
25
    correct copy of the '788 patent is attached hereto as Exhibit A.
26
       4.　DisplayLink offers a product called Merlin ("Merlin") as found on the
27
    DisplayLink website at http://www.displaylink.com/products/boards.htm.
28

                                        - 4 -

5.    Merlin incorporates the DisplayLink DL-160 Integrated Circuit.

6.    Merlin is a USB-to-VGA converter and is designed to connect a PC with a USB 2.0 port to any VGA display device.

### First Counterclaim

### (Patent Infringement by DisplayLink)

7.    MCT repeats and realleges paragraphs 1 through 6 as though fully set forth herein.

8.    DisplayLink has infringed and is continuing to infringe the claims of the '788 patent and is currently directly infringing, contributorily infringing and/or inducing infringement of the '788 Patent, by among other things, making using, offering to sell, selling and/or importing without authority or license from MCT infringing products including, but not limited to, the Merlin device.

9.    MCT is informed and believes, and thereon alleges, that DisplayLink infringement of the MCT Patent has been and continues to be willful.

10.    Unless enjoined, DisplayLink will continue to infringe the MCT Patent, and MCT will suffer irreparable injury as a direct and proximate result of DisplayLink's conduct.

11.    MCT has been damaged by DisplayLink's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

### PRAYER FOR RELIEF

WHEREFORE, MCT requests that the Court grant the following relief:

A.    Judgment that the '788 Patent is valid and enforceable;

B.    Judgment that DisplayLink infringes the '788 Patent;

C.    Judgment that this case is exceptional in accordance with 35 U.S.C. § 285;

1    D.    An order that preliminarily and permanently enjoins DisplayLink, its

2  directors, officers, employees, attorneys, agents and all persons in concert or

3  participation with any of the foregoing from further acts that infringe,

4  contributorily infringe or induce infringement of the '788 Patent;

5    E.    An order that awards MCT recovery for all damages that result from

6  DisplayLink's infringing acts;

7    F.    An order that trebles the amount of damages as a result of the willful

8  and deliberate nature of DisplayLink's acts;

9    G.    An order that awards interest on damages;

10    H.    An order that directs DisplayLink to pay MCT's costs, expenses, and

11  awards attorney fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d)

12  of the Federal Rules of Civil Procedure; and

13    I.    For such other and further relief as the Court may deem proper.

14

15  Dated: June 4, 2007                      WANG, HARTMANN & GIBBS
                                             A Professional Law Corporation
16

17                                    By:   _____

18                                           Richard F. Cauley
                                             Franklin E. Gibbs
19                                           Attorneys for Defendant
                                             Counterclaim Plaintiff
20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT
AND COUNTERCLAIM FOR PATENT INFRINGEMENT

1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2

3      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

4  than the named parties, there is no such interest to report.

5

6                    DEMAND FOR JURY TRIAL

7      Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal

8  Rules of Civil Procedure.

9

10 Dated: June 4, 2007                    WANG, HARTMANN & GIBBS

11                                        A Professional Law Corporation

12                             By:

13                                        Richard F. Cauley
                                          Franklin E. Gibbs
14                                        Attorneys for Defendant
15                                        Counterclaim Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -