JAMES C. YOON
State Bar No. 177155 (jyoon@wsgr.com)
STEFANI E. SHANBERG
State Bar No. 206717 (sshanberg@wsgr.com)
MONICA M. ENO
State Bar No. 164107 (meno@wsgr.com)
ROBIN L. BREWER
State Bar No. 253686 (rbrewer@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Intervenor DISPLAYLINK CORPORATION and Defendants KENSINGTON COMPUTER PRODUCTS GROUP, and GWC TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese Corporation,<br><br>Plaintiff,<br>v.<br><br>KENSINGTON COMPUTER PRODUCTS GROUP, a division of ACCO Brands Corporation, a Delaware Corporation; GWC TECHNOLOGY, INC., a California corporation; GOOD WAY TECHNOLOGY CO. LTD., a Taiwan corporation; and GOOD WAY ELECTRONICS, a Washington corporation,<br><br>Defendants,<br><br>DISPLAYLINK CORPORATION, a Washington corporation,<br><br>Intervenor.<br>______________________________________<br><br>AND RELATED COUNTERCLAIMS<br>______________________________________ | CASE NO.: 5:07-CV-05707-RMW<br><br>RELATED CASE NO.: 5:07-CV-01998-RMW<br><br>**DEFENDANT KENSINGTON COMPUTER PRODUCTS GROUP'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Kensington Computer Products Group ("Kensington") responds to Magic Control Technology Corporation's ("MCT") Complaint dated July 19, 2007 ("Complaint") as follows.

**THE PARTIES**

1. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and on that basis denies the allegations.

2. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies the allegations.

3. Kensington admits that it is headquartered at 333 Twin Dolphin Drive, Sixth Floor, Redwood Shores, CA 94065.

4. Kensington admits that it is a division of ACCO Brands USA LLC (DE), which is a subsidiary of ACCO Brands Corporation (DE). Except as expressly admitted, Kensington denies the remaining allegations of paragraph 4.

5. Kensington admits that it offers for sale a "Notebook Expansion Dock with Video." Except as expressly admitted, Kensington denies the remaining allegations of paragraph 5.

6. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis denies the allegations.

7. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis denies the allegations.

8. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and on that basis denies the allegations.

9. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis denies the allegations.

10. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis denies the allegations.

11. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis denies the allegations.

12. Kensington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis denies the allegations.

13. Kensington admits that Kensington and GWC act "individually" and independently of each other to conduct their own business. Except as expressly admitted, Kensington denies the remaining allegations of paragraph 13.

**NATURE OF THE ACTION**

14. Kensington admits that the Complaint purports to state a cause of action arising under the patent laws of the United States. Except as expressly admitted, Kensington denies the remaining allegations of paragraph 14.

15. Kensington admits that Exhibit A to the Complaint is a copy of what appears to be U.S. Patent No. 7,203,788 ("the '788 patent"). Kensington also admits that on its face the '788 patent lists MCT as the assignee. Except as expressly admitted, Kensington denies the remaining allegations of paragraph 15.

16. Kensington denies all the allegations of paragraph 16 of the Complaint.

17. Kensington denies all the allegations contained in paragraph 17 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and on that basis denies the remaining allegations of paragraph 17.

18. Kensington admits that it offers for sale and sells a "Notebook Expansion Dock with Video." Kensington denies all other allegations of paragraph 18, whether such allegations may be express or implied.

19. Kensington denies all the allegations contained in paragraph 19 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and on that basis denies the remaining allegations of paragraph 19.

20. Kensington denies all the allegations contained in paragraph 20 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and on that basis denies the

remaining allegations of paragraph 20.

**JURISDICTION AND VENUE**

21. Kensington admits that the Complaint purports to state a cause of action arising under the patent laws of the United States. Kensington also admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Kensington denies the remaining allegations of paragraph 21.

22. Kensington admits that this Court has personal jurisdiction over Kensington insofar as Kensington conducts business in California. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and on that basis denies the remaining allegations of paragraph 22.

23. Kensington admits that venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b) insofar as Kensington transacts business within this district. Except as expressly admitted, Kensington denies the remaining allegations of paragraph 23.

**FIRST CAUSE OF ACTION**

24. Kensington incorporates paragraph 1 through 23 above in response to the allegations incorporated in paragraph 24 of the Complaint.

25. Kensington admits that the '788 patent recites on its face an issue date of April 10, 2007. Kensington denies the remaining allegations of paragraph 25.

26. Kensington denies all the allegations contained in paragraph 26 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and on that basis denies the remaining allegations of paragraph 26.

27. Kensington denies all the allegations contained in paragraph 27 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and on that basis denies the remaining allegations of paragraph 27.

28. Kensington denies all the allegations contained in paragraph 28 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the

truth of the remaining allegations contained in paragraph 28 and on that basis denies the remaining allegations of paragraph 28.

29. Kensington denies all the allegations contained in paragraph 29 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and on that basis denies the remaining allegations of paragraph 29.

30. Kensington denies all the allegations contained in paragraph 30 pertaining to Kensington. Kensington lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and on that basis denies the remaining allegations of paragraph 30.

## PRAYER FOR RELIEF

Kensington denies that MCT is entitled to any of the relief it has requested in the Complaint.

## AFFIRMATIVE DEFENSES

Kensington alleges the following affirmative defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. MCT's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity)**

2. Each claim of the '788 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in the U.S. Patent Statutes, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

3. Kensington is informed and believes, and thereon alleges, that the relief sought by MCT is barred under the doctrine of prosecution history estoppel.

**FOURTH AFFIRMATIVE DEFENSE**
**(Marking)**

4. Kensington is informed and believes, and thereon alleges, that MCT's claim for pre-filing damages is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE**
**(Inequitable Conduct)**

5. Kensington is informed and believes, and thereon alleges that the '788 patent is unenforceable due to MCT's fraud and/or inequitable conduct in the prosecution of the '788 patent. On information and belief, while prosecuting the '788 Patent, Pei Chung Liu (the named inventor), MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application intentionally withheld and/or failed to disclose the following pieces of known material prior art with the intent to deceive the U.S. Patent Office:

a) Japanese Patent Publication H11-311969, titled "Display device, signaling system converting device and signal transmission device;"

b) Japanese Patent Publication H10-254819, titled "Bus Converting Adapter;"

c) Japanese Patent Publication H09-198874, titled "Random access memory array;" and

d) Japanese Patent Publication 2001-202241, titled "Digital processing system equipped with microprocessor in which execution packet span two or more extraction packet and method for operating the same system."

6. In addition, also on information and belief, Mr. Liu, MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application that led to the issuance of the '788 Patent failed to disclose other material information regarding these four prior art patents. Specifically, these persons intentionally withheld and/or failed to disclose any of the following material facts:

a) On or about April 6, 2004, MCT requested that the Japanese Patent Office conduct a technical evaluation of MCT's Utility Model Patent for a USB-to-VGA Interface Conversion Device, Registration No. 3100747 (hereafter "MCT's Japanese Patent").

b) The specification and claims of MCT's Japanese Patent, which was registered on September 29, 2003, are similar in all material respects to the '788 Patent.

c) On May 11, 2004, the Japanese Patent office issued its technical evaluation of MCT's Japanese Patent. In its technical evaluation, the Japanese Patent Office found all eighteen claims of MCT's Japanese Patent obvious in light of the four Japanese prior art patents identified above.

## COUNTERCLAIMS

For the counterclaims against MCT, Kensington alleges as follows:

## THE PARTIES

1. Counterclaimant Kensington Computer Products Group ("Kensington") is a division of ACCO Brands USA, a Delaware limited liability corporation. Kensington is headquartered at 333 Twin Dolphin Drive, Sixth floor, Redwood Shores, CA 94065.

2. On information and belief, Counterdefendant Magic Control Technology Corporation ("MCT") is a Taiwanese corporation with offices at 6F, #120-11, Sec 3, Jhongshan Rd., Jhonghe City, Taipei 235, Taiwan, R.O.C.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. This Court has personal jurisdiction over MCT by virtue of, inter alia, MCT's complaint against Kensington that is pending before this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400.

## INTRADISTRICT ASSIGNMENT

6. Intradistrict assignment to the San Jose Division is proper. Pursuant to Civil Local Rule 3-2(c), this action is an Intellectual Property Action and is assigned on a district-wide basis. This case is also related to Case No. 5:07-CV-01998-RMW, currently pending in the San Jose Division. In addition, Intervenor DisplayLink Corporation is based in Santa Clara County and, as a result, a substantial part of the events giving rise to the claims occurred in Santa Clara

County.

**FIRST COUNTERCLAIM FOR RELIEF**
**(Declaration of Invalidity and Non-infringement of the '788 Patent)**

7. Counterclaimant Kensington restates and incorporates by reference each of the allegations of paragraphs 1-6 of the Counterclaim above, as if fully set forth herein.

8. This declaratory judgment counterclaim is asserted against MCT under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

9. MCT has averred that the '788 patent was duly and legally issued, it is the lawful owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and that Kensington infringes the '788 patent.

10. Kensington denies that it is infringing directly, indirectly, contributorily, by inducement or by equivalents any valid and/or enforceable claim of the '788 patent.

11. Kensington further asserts that the '788 patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103 and 112.

12. Therefore, there has been and is now an actual controversy between Kensington and MCT as to the non-infringement and invalidity of the '788 patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kensington requests a declaration from the Court that its products do no infringe any claim of the '788 patent directly, indirectly, contributorily, by inducement, by equivalents, or otherwise.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Declaration of Unenforceability of the '788 Patent)**

14. Kensington restates and incorporates by reference each of the allegations of paragraphs 1-13 of the Counterclaim above, as if fully set forth herein.

15. This declaratory judgment counterclaim is asserted against MCT under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

16. MCT has averred that the '788 patent was duly and legally issued, it is the lawful owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and

that Kensington infringes the '788 patent.

17. Kensington avers that the '788 patent is unenforceable due to the named inventor's, MCT's, and/or other persons' inequitable conduct in prosecuting the '788 patent.

18. Kensington is informed and believes, and thereon alleges that the '788 patent is unenforceable due to MCT's fraud and/or inequitable conduct in the prosecution of the '788 patent. On information and belief, while prosecuting the '788 Patent, Pei Chung Liu (the named inventor), MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application intentionally withheld and/or failed to disclose the following pieces of known material prior art with the intent to deceive the U.S. Patent Office:

a) Japanese Patent Publication H11-311969, titled "Display device, signaling system converting device and signal transmission device;"

b) Japanese Patent Publication H10-254819, titled "Bus Converting Adapter;"

c) Japanese Patent Publication H09-198874, titled "Random access memory array;" and

d) Japanese Patent Publication 2001-202241, titled "Digital processing system equipped with microprocessor in which execution packet span two or more extraction packet and method for operating the same system."

19. In addition, also on information and belief, Mr. Liu, MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application that led to the issuance of the '788 Patent failed to disclose other material information regarding these four prior art patents. Specifically, these persons intentionally withheld and/or failed to disclose any of the following material facts:

a) On or about April 6, 2004, MCT requested that the Japanese Patent Office conduct a technical evaluation of MCT's Utility Model Patent for a USB-to-VGA Interface Conversion Device, Registration No. 3100747 (hereafter "MCT's Japanese Patent").

b) The specification and claims of MCT's Japanese Patent, which was registered on September 29, 2003, are similar in all material respects to the '788 Patent.

c) On May 11, 2004, the Japanese Patent office issued its technical evaluation of MCT's Japanese Patent. In its technical evaluation, the Japanese Patent Office found all eighteen claims of MCT's Japanese Patent obvious in light of the four Japanese prior art patents identified above.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Kensington prays that this Court enter judgment in its favor and grant the following relief:

a. An order that MCT take nothing by its Complaint, and that MCT's Complaint be dismissed with prejudice;

b. A declaration that Kensington's products do not infringe any valid and/or enforceable claims of the '788 patent, directly or indirectly, literally or by equivalents;

c. A declaration that the '788 patent is invalid;

d. A declaration that the '788 patent and all patents claiming priority to the '788 patent are unenforceable;

e. An injunction against MCT, its officers, agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations, attorneys, and other person(s) in active concert or participation with them from charging infringement or instituting any action for infringement of the '788 patent against Kensington or anyone in privity with Kensington, including its successors, assigns, suppliers, customers, licensees, and sublicensees;

f. An order finding that this case is exceptional and awarding Kensington's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

g. An award of any additional relief the Court may deem appropriate and just under the circumstances.

Dated: August 1, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Monica M. Eno
Monica Mucchetti. Eno

Attorneys for Defendants KENSINGTON COMPUTER PRODUCTS GROUP and GWC TECHNOLOGY, INC. and Intervenor DISPLAYLINK CORPORATION

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the Local Rules of the United States District Court for the Northern District of California, defendant Kensington demands a trial by jury of this action.

Dated: August 1, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Monica M. Eno
Monica Muchetti Eno

Attorneys for Defendants KENSINGTON COMPUTER PRODUCTS GROUP and GWC TECHNOLOGY, INC. and Intervenor DISPLAYLINK CORPORATION