JAMES C. YOON
  State Bar No. 177155 (jyoon@wsgr.com)
STEFANI E. SHANBERG
  State Bar No. 206717 (sshanberg@wsgr.com)
MONICA M. ENO
  State Bar No. 164107 (meno@wsgr.com)
ROBIN L. BREWER
  State Bar No. 253686 (rbrewer@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Intervenor DISPLAYLINK
CORPORATION and Defendants
KENSINGTON COMPUTER PRODUCTS
GROUP, and GWC TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAGIC CONTROL TECHNOLOGY CORPORATION, a Taiwanese Corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>KENSINGTON COMPUTER PRODUCTS GROUP, a division of ACCO Brands Corporation, a Delaware Corporation; GWC TECHNOLOGY, INC., a California corporation; GOOD WAY TECHNOLOGY CO. LTD., a Taiwan corporation; and GOOD WAY ELECTRONICS, a Washington corporation,<br><br>      Defendants,<br><br>DISPLAYLINK CORPORATION, a Washington corporation,<br><br>      Intervenor.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.:  5:07-CV-05707-RMW<br><br>RELATED CASE NO.: 5:07-CV-01998-RMW<br><br>**DEFENDANT GWC TECHNOLOGY INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

1    Defendant GWC Technology, Inc. ("GWC") responds to Magic Control Technology

2    Corporation's ("MCT") Complaint dated July 19, 2007 ("Complaint") as follows.

3                                    **THE PARTIES**

4         1.    GWC lacks knowledge or information sufficient to form a belief as to the truth of

5    the allegations contained in paragraph 1 and on that basis denies the allegations.

6         2.    GWC lacks knowledge or information sufficient to form a belief as to the truth of

7    the allegations contained in paragraph 2 and on that basis denies the allegations.

8         3.    GWC lacks knowledge or information sufficient to form a belief as to the truth of

9    the allegations contained in paragraph 3 and on that basis denies the allegations.

10        4.    GWC lacks knowledge or information sufficient to form a belief as to the truth of

11   the allegations contained in paragraph 4 and on that basis denies the allegations.

12        5.    GWC lacks knowledge or information sufficient to form a belief as to the truth of

13   the allegations contained in paragraph 5 and on that basis denies the allegations.

14        6.    GWC admits it is a California corporation headquartered at 345 Cloverleaf Drive,

15   Suite #A, Baldwin Park, CA 91706.

16        7.    GWC denies all the allegations of paragraph 7 of the Complaint.

17        8.    GWC admits the allegations of paragraph 8 of the Complaint.

18        9.    GWC lacks knowledge or information sufficient to form a belief as to the truth of

19   the allegations contained in paragraph 9 and on that basis denies the allegations.

20        10.   GWC lacks knowledge or information sufficient to form a belief as to the truth of

21   the allegations contained in paragraph 10 and on that basis denies the allegations.

22        11.   GWC lacks knowledge or information sufficient to form a belief as to the truth of

23   the allegations contained in paragraph 11 and on that basis denies the allegations.

24        12.   GWC lacks knowledge or information sufficient to form a belief as to the truth of

25   the allegations contained in paragraph 12 and on that basis denies the allegations.

26        13.   GWC admits that GWC and Kensington act "individually" and independently of

27   each other to conduct their own business.  Except as expressly admitted, GWC denies the

28   remaining allegations of paragraph 13.

1

**NATURE OF THE ACTION**

2      14.     GWC admits that the Complaint purports to state a cause of action arising under

3   the patent laws of the United States.  Except as expressly admitted, the GWC denies the

4   remaining allegations of paragraph 14.

5      15.     GWC admits that Exhibit A to the Complaint is a copy of what appears to be U.S.

6   Patent No. 7,203,788 ("the '788 patent").  GWC also admits that on its face the '788 patent lists

7   MCT as the assignee.  Except as expressly admitted, GWC denies the remaining allegations of

8   paragraph 15.

9      16.     GWC denies all the allegations of paragraph 16 of the Complaint.

10      17.     GWC denies all the allegations contained in paragraph 17 pertaining to GWC.

11   GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining

12   allegations contained in paragraph 17 and on that basis denies the remaining allegations of

13   paragraph 17.

14      18.     GWC lacks knowledge or information sufficient to form a belief as to the truth of

15   the allegations contained in paragraph 18 and on that basis denies the allegations.

16      19.     GWC denies all the allegations contained in paragraph 19 pertaining to GWC.

17   GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining

18   allegations contained in paragraph 19 and on that basis denies the remaining allegations of

19   paragraph 19.

20      20.     GWC denies all the allegations contained in paragraph 20 pertaining to GWC.

21   GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining

22   allegations contained in paragraph 20 and on that basis denies the remaining allegations of

23   paragraph 20.

24

**JURISDICTION AND VENUE**

25      21.     GWC admits that the Complaint purports to state a cause of action arising under

26   the patent laws of the United States.  GWC also admits that this Court has subject matter

27   jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, GWC denies

28   the remaining allegations of paragraph 21.

22.    GWC admits that this Court has personal jurisdiction over GWC insofar as GWC conducts business in California.  GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and on that basis denies the remaining allegations of paragraph 22.

23.    GWC admits that venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b) insofar as GWC transacts business within this district.  Except as expressly admitted, GWC denies the remaining allegations of paragraph 23.

**FIRST CAUSE OF ACTION**

24.    GWC incorporates paragraph 1 through 23 above in response to the allegations incorporated in paragraph 24 of the Complaint.

25.    GWC admits that the '788 patent recites on its face an issue date of April 10, 2007.  GWC denies the remaining allegations contained in paragraph 25.

26.    GWC denies all the allegations contained in paragraph 26 pertaining to GWC. GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and on that basis denies the remaining allegations of paragraph 26.

27.    GWC denies all the allegations contained in paragraph 27 pertaining to GWC. GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and on that basis denies the remaining allegations of paragraph 27.

28.    GWC denies all the allegations contained in paragraph 28 pertaining to the GWC. GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and on that basis denies the remaining allegations of paragraph 28.

29.    GWC denies all the allegations contained in paragraph 29 pertaining to GWC. GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and on that basis denies the remaining allegations of paragraph 29.

1    30.    GWC denies all the allegations contained in paragraph 30 pertaining to GWC.

2  GWC lacks information or knowledge sufficient to form a belief as to the truth of the remaining

3  allegations contained in paragraph 30 and on that basis denies the remaining allegations of

4  paragraph 30.

5                                    **PRAYER FOR RELIEF**

6    GWC denies that MCT is entitled to any of the relief it has requested in the Complaint.

7                                    **AFFIRMATIVE DEFENSES**

8    GWC alleges the following affirmative defenses, reserving the right to modify, amend,

9  and/or expand upon these defenses as discovery proceeds.

10                                  **FIRST AFFIRMATIVE DEFENSE**
                                     **(Failure to State a Claim)**
11

12    1.    MCT's complaint fails to state a claim upon which relief can be granted.

13                                  **SECOND AFFIRMATIVE DEFENSE**
                                     **(Invalidity)**
14

15    2.    Each claim of the '788 patent is invalid for failing to comply with the conditions

16  and requirements for patentability set forth in the U.S. Patent Statutes, including but not limited

17  to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

18                                  **THIRD AFFIRMATIVE DEFENSE**
                                     **(Prosecution History Estoppel)**
19

20    3.    GWC is informed and believes, and thereon alleges, that the relief sought by

21  MCT is barred under the doctrine of prosecution history estoppel.

22                                  **FOURTH AFFIRMATIVE DEFENSE**
                                     **(Marking)**
23

24    4.    GWC is informed and believes, and thereon alleges, that MCT's claim for pre-

25  filing damages is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

26                                  **FIFTH AFFIRMATIVE DEFENSE**
                                     **(Inequitable Conduct)**
27

28    5.    GWC is informed and believes, and thereon alleges that the '788 patent is

unenforceable due to MCT's fraud and/or inequitable conduct in the prosecution of the '788 patent. On information and belief, while prosecuting the '788 Patent, Pei Chung Liu (the named inventor), MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application intentionally withheld and/or failed to disclose the following pieces of known material prior art with the intent to deceive the U.S. Patent Office:

a)     Japanese Patent Publication H11-311969, titled "Display device, signaling system converting device and signal transmission device;"

b)     Japanese Patent Publication H10-254819, titled "Bus Converting Adapter;"

c)     Japanese Patent Publication H09-198874, titled "Random access memory array;" and

d)     Japanese Patent Publication 2001-202241, titled "Digital processing system equipped with microprocessor in which execution packet span two or more extraction packet and method for operating the same system."

6.     In addition, also on information and belief, Mr. Liu, MCT's Taiwan patent counsel, and/or other persons substantively involved in the preparation or prosecution of the application that led to the issuance of the '788 Patent failed to disclose other material information regarding these four prior art patents. Specifically, these persons intentionally withheld and/or failed to disclose any of the following material facts:

a)     On or about April 6, 2004, MCT requested that the Japanese Patent Office conduct a technical evaluation of MCT's Utility Model Patent for a USB-to-VGA Interface Conversion Device, Registration No. 3100747 (hereafter "MCT's Japanese Patent").

b)     The specification and claims of MCT's Japanese Patent, which was registered on September 29, 2003, are similar in all material respects to the '788 Patent.

c)     On May 11, 2004, the Japanese Patent office issued its technical evaluation of MCT's Japanese Patent. In its technical evaluation, the Japanese Patent Office found all eighteen claims of MCT's Japanese Patent obvious in light of the four Japanese prior art patents identified above.

1

**COUNTERCLAIMS**

2

For its counterclaims against MCT, GWC alleges as follows:

3

**THE PARTIES**

4      1.      Counterclaimant GWC Technology, Inc. ("GWC") is a California corporation

5  headquartered at 345 Cloverleaf Drive, Suite #A, Baldwin Park, CA 91706.

6      2.      On information and belief, Counterdefendant Magic Control Technology

7  Corporation ("MCT") is a Taiwanese corporation with offices at 6F, #120-11, Sec 3, Jhongshan

8  Rd., Jhonghe City, Taipei 235, Taiwan, R.O.C.

9

**JURISDICTION AND VENUE**

10      3.      This Court has subject matter jurisdiction over these counterclaims under at least

11  28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. §

12  2201 et seq.

13      4.      This Court has personal jurisdiction over MCT by virtue of, inter alia, MCT's

14  complaint against GWC that is pending before this Court.

15      5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400.

16

**INTRADISTRICT ASSIGNMENT**

17      6.      Intradistrict assignment to the San Jose Division is proper.  Pursuant to Civil

18  Local Rule 3-2(c), this action is an Intellectual Property Action and is assigned on a district-wide

19  basis.  This case is also related to Case No. 5:07-CV-01998-RMW, currently pending in the San

20  Jose Division.  In addition, Intervenor DisplayLink Corporation is based in Santa Clara County

21  and, as a result, a substantial part of the events giving rise to the claims occurred in Santa Clara

22  County.

23

**FIRST COUNTERCLAIM FOR RELIEF**
**(Declaration of Invalidity and Non-infringement of the '788 Patent)**

24

25      7.      Counterclaimant GWC restates and incorporates by reference each of the

26  allegations of paragraphs 1-6 of the Counterclaim above, as if fully set forth herein.

27      8.      This declaratory judgment counterclaim is asserted against MCT under the patent

28  laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

1    9.    MCT has averred that the '788 patent was duly and legally issued, it is the lawful

2  owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and

3  that GWC infringes the '788 patent.

4    10.    GWC denies that it is infringing directly, indirectly, contributorily, by inducement

5  or by equivalents any valid and/or enforceable claim of the '788 patent.

6    11.    GWC further asserts that the '788 patent is invalid for failing to satisfy the

7  conditions for patentability set forth in Part II of Title 35 of the United States Code, including,

8  but not limited to, §§ 101, 102, 103 and 112.

9    12.    Therefore, there has been and is now an actual controversy between GWC and

10  MCT as to the non-infringement and invalidity of the '788 patent.

11    13.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,

12  GWC requests a declaration from the Court that its products do no infringe any claim of the '788

13  patent directly, indirectly, contributorily, by inducement, by equivalents, or otherwise.

14  **SECOND COUNTERCLAIM FOR RELIEF**
   **(Declaration of Unenforceability of the '788 Patent)**
15

16    14.    GWC restates and incorporates by reference each of the allegations of paragraphs

17  1-13 of the Counterclaim above, as if fully set forth herein.

18    15.    This declaratory judgment counterclaim is asserted against MCT under the patent

19  laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

20    16.    MCT has averred that the '788 patent was duly and legally issued, it is the lawful

21  owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and

22  that GWC infringes the '788 patent.

23    17.    GWC avers that the '788 patent is unenforceable due to the named inventor's,

24  MCT's, and/or other persons' inequitable conduct in prosecuting the '788 patent.

25    18.    GWC is informed and believes, and thereon alleges that the '788 patent is

26  unenforceable due to MCT's fraud and/or inequitable conduct in the prosecution of the '788

27  patent.  On information and belief, while prosecuting the '788 Patent, Pei Chung Liu (the named

28  inventor), MCT's Taiwan patent counsel, and/or other persons substantively involved in the

1   preparation or prosecution of the application intentionally withheld and/or failed to disclose the

2   following pieces of known material prior art with the intent to deceive the U.S. Patent Office:

3           a)      Japanese Patent Publication H11-311969, titled "Display device, signaling

4   system converting device and signal transmission device;"

5           b)      Japanese Patent Publication H10-254819, titled "Bus Converting Adapter;"

6           c)      Japanese Patent Publication H09-198874, titled "Random access memory

7   array;" and

8           d)      Japanese Patent Publication 2001-202241, titled "Digital processing system

9   equipped with microprocessor in which execution packet span two or more extraction packet and

10  method for operating the same system."

11          19.     In addition, also on information and belief, Mr. Liu, MCT's Taiwan patent

12  counsel, and/or other persons substantively involved in the preparation or prosecution of the

13  application that led to the issuance of the '788 Patent failed to disclose other material

14  information regarding these four prior art patents.  Specifically, these persons intentionally

15  withheld and/or failed to disclose any of the following material facts:

16          a)      On or about April 6, 2004, MCT requested that the Japanese Patent Office

17  conduct a technical evaluation of MCT's Utility Model Patent for a USB-to-VGA Interface

18  Conversion Device, Registration No. 3100747 (hereafter "MCT's Japanese Patent").

19          b)      The specification and claims of MCT's Japanese Patent, which was

20  registered on September 29, 2003, are similar in all material respects to the '788 Patent.

21          c)      On May 11, 2004, the Japanese Patent office issued its technical

22  evaluation of MCT's Japanese Patent.  In its technical evaluation, the Japanese Patent Office

23  found all eighteen claims of MCT's Japanese Patent obvious in light of the four Japanese prior

24  art patents identified above.

25          20.     Therefore, there has been and is now an actual controversy between GWC and

26  MCT as to the enforceability of the '788 patent.

27          21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,

28  GWC requests a declaration from the Court that the '788 patent and any patents that claim

1    priority to the '788 patent are unenforceable due to MCT's inequitable conduct.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, Counterclaimant GWC prays that this Court enter judgment in its favor

4    and grant the following relief:

5    a.    An order that MCT take nothing by its Complaint, and that MCT's Complaint be

6    dismissed with prejudice;

7    b.    A declaration that GWC's products do not infringe any valid and/or enforceable

8    claims of the '788 patent, directly or indirectly, literally or by equivalents;

9    c.    A declaration that the '788 patent is invalid;

10    d.    A declaration that the '788 patent and all patents claiming priority to the '788

11    patent are unenforceable;

12    e.    An injunction against MCT, its officers, agents, representatives, distributors,

13    employees, affiliates, parent and subsidiary corporations, attorneys, and other person(s) in active

14    concert or participation with them from charging infringement or instituting any action for

15    infringement of the '788 patent against GWC or anyone in privity with GWC, including its

16    successors, assigns, suppliers, customers, licensees, and sublicensees;

17    f.    An order finding that this case is exceptional and awarding GWC's reasonable

18    attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

19    g.    An award of any additional relief the Court may deem appropriate and just under

20    the circumstances.

21    Dated:  August 1, 2008

WILSON SONSINI GOODRICH & ROSATI
22    Professional Corporation

23    By:   /s/   Monica M. Eno
24    Monica Mucchetti Eno

25    Attorneys for Defendants KENSINGTON
COMPUTER PRODUCTS GROUP and GWC
26    TECHNOLOGY, INC. and Intervenor
DISPLAYLINK CORPORATION

27

28

1

**DEMAND FOR JURY TRIAL**

2    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the

3 Local Rules of the United States District Court for the Northern District of California, defendant

4 GWC demands a trial by jury of this action.

5

6 Dated:  August 1, 2008        WILSON SONSINI GOODRICH & ROSATI
                    Professional Corporation

7

8                By:__/s/   Monica M. Eno_____

9                  Monica Muchetti Eno

10               Attorneys for Defendants KENSINGTON
                COMPUTER PRODUCTS GROUP and GWC

11               TECHNOLOGY, INC. and Intervenor
                DISPLAYLINK CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28