**WANG, HARTMANN, GIBBS, & CAULEY**
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Franklin E. Gibbs (SBN: 189015)
Erick P. Wolf (SBN: 224906)
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone:  (949) 833-8483
Facsimile:   (949) 833-2281

Attorneys for Plaintiff and Complaint-in-Intervention Defendant
Magic Control Technologies

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MAGIC CONTROL TECHNOLOGIES, a Taiwan corporation<br><br>          Plaintiff,<br><br>vs.<br><br>KENSINGTON COMPUTER PRODUCTS GROUP, a division of ACCO Brands Corporation, a Delaware corporation; GWC TECHNOLOGY, INC., a California corporation; GOOD WAY TECH. CO., LTD., a Taiwan corporation; and GOOD WAY ELECTRONICS, a China corporation.<br><br>          Defendants.<br><br>DISPLAYLINK CORPORATION, a Washington corporation,<br><br>          Intervenor. | CASE NO.: 5:07-CV-05707-RMW<br><br>RELATED CASE NO.: 5:07-CV-01998-RMW<br><br>ANSWER TO AMENDED COMPLAINT-IN-INTERVENTION OF INTERVENOR DISPLAYLINK CORPORATION<br><br>Jury Trial Demanded |

Magic Control Technologies ("MCT"), for its Answer to the Amended Complaint-in-Intervention brought against it by DisplayLink Corporation ("DisplayLink"), alleges and states as follows:

## THE PARTIES

1. As to this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. MCT admits that Good Way Electronics is a China corporation headquartered at 366, Chang-Jiang N. Rd., Kun-Shan, Jiangsu, China, that Good Way Technology Co., Ltd. and Good Way Electronics are collectively referred to in the Complaint-in-Intervention as "Good Way," and that Kensington, Good Way Technology Co., Ltd. and Good Way Electronics are collectively referred to in the Complaint-in-Intervention as "Defendants." As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

## JURISDICTION AND VENUE

7. MCT admits the allegations of the paragraph.

8. MCT admits that venue is proper in this District.

## BACKGROUND FACTS

9. Admitted.

10. MCT admits that it intends to enforce its rights in the '788 patent and that it informed parties believed to be infringers that MCT would enforce its rights in the '788 patent. As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT

lacks sufficient information to form a belief as to the truth or falsity of the allegations, and upon that basis denies such allegations.

11.    As to this paragraph, MCT informed parties believed to be infringers that MCT would enforce its rights in the '788 patent and pursue legal remedies as necessary.  MCT denies that it had reached an enforceable agreement to resolve the '788 patent dispute through arbitration.  As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

12.    As to this paragraph, MCT informed parties believed to be infringers that MCT would enforce its rights in the '788 patent and pursue legal remedies as necessary.  As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

13.    MCT admits that, on or about March 30, 2007, Mr. Liu was the CEO of MCT and that MCT requested that DisplayLink provide samples of its USB-to-VGA products to MCT's counsel.  MCT denies that it had reached an enforceable agreement to resolve the '788 patent dispute through arbitration.   As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

14.    MCT admits that, on or about April 10, 2007, DisplayLink filed a complaint in the Northern District of California naming MCT as Defendant which is attached as Exhibit B to the Complaint-in-Intervention.  As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

15.    Admitted.

16.    MCT admits that, on or about July 20, 2007, MCT filed the instant action, which alleges infringement of the '788 patent by GWC, Good Way Tech, Good Way Electronics, and Kensington for making, using, offering for sale, and selling products covered by claims of the

1 '788 patent, including the Kensington "Notebook Expansion Dock with Video" that incorporates
2 a USB to VGA converter.  As to all other allegations in this paragraph, and based on the wording
3 of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of
4 the allegations in this paragraph, and upon that basis denies such allegations.

     17.    Admitted.

     18.    As to this paragraph, the USB-to-VGA convertor technology is a component of the Defendants' accused products which is related to the invention claimed in the asserted '788 patent entitled "USB-to-VGA Converter."  As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

     19.    Admitted.

     20.    Admitted.

     21.    MCT admits that the '788 patent is the subject matter of this action.  As to all other allegations in this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

## **FIRST CAUSE OF ACTION**

     22.    MCT repeats and realleges its responses to the allegations of paragraphs 1 through 21 in their entirety.

     23.    Admitted.

     24.    Denied.

     25.    Denied.

## **SECOND CAUSE OF ACTION**

     26.    MCT repeats and alleges its responses to the allegations of paragraphs 1 through 21 in their entirety.

     27.    MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

28. MCT admits that it averred that the '788 patent was duly and legally issued and is the lawful owner, which includes the right to sue and to recover for any and all infringement of the '788 patent.

29. Denied.

30. Denied.

31. Admitted.

32. Admitted.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff/Complaint-in-Intervention Defendant prays for judgment as follows:

i. That the Court dismiss the Complaint-in-Intervention with prejudice;

ii. That the Court declares that the '788 patent is valid and enforceable;

iii. That the Court declares that the '788 patent has been infringed and/or willfully infringed by DisplayLink and the Defendants;

iv. That Defendants be awarded their costs of suit incurred in defense of this action;

v. The Court determines that this is an exceptional case that justifies Defendants being awarded their reasonable attorney fees and costs; and

vi. That the Court awards to the Counterclaimants such other and further relief that the Court may deem just and proper.

Dated: August 8, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Richard F. Cauley
   Richard F. Cauley
   Franklin E. Gibbs
   Erick P. Wolf
   Attorneys for Plaintiff and Complaint-in
   Intervention Defendant

## JURY DEMAND

Defendants and Counter-Claimants hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: August 8, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Richard F. Cauley
    Richard F. Cauley
    Franklin E. Gibbs
    Erick P. Wolf
    Attorneys for Plaintiff and Complaint-in
    Intervention Defendant