**WANG, HARTMANN, GIBBS, & CAULEY**
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Franklin E. Gibbs (SBN: 189015)
Erick P. Wolf (SBN: 224906)
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone:  (949) 833-8483
Facsimile:   (949) 833-2281

Attorneys for Plaintiff and Complaint-in-Intervention Defendant
Magic Control Technologies

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAGIC CONTROL TECHNOLOGIES, a Taiwan corporation<br><br>Plaintiff,<br><br>vs.<br><br>KENSINGTON COMPUTER PRODUCTS GROUP, a division of ACCO Brands Corporation, a Delaware corporation; GWC TECHNOLOGY, INC., a California corporation; GOOD WAY TECH. CO., LTD., a Taiwan corporation; and GOOD WAY ELECTRONICS, a China corporation.<br><br>Defendants.<br><br>DISPLAYLINK CORPORATION, a Washington corporation,<br><br>Intervenor. | CASE NO.: 5:07-CV-05707-RMW<br><br>RELATED CASE NO.: 5:07-CV-01998-RMW<br><br>ANSWER TO DEFENDANT KENSINGTON COMPUTER PRODUCTS GROUP'S COUNTERCLAIMS<br><br>Jury Trial Demanded |

Magic Control Technologies ("MCT"), for its Answer to Defendant Kensington Computer Products Group's Counterclaims brought by Kensington Computer Products Group ("Kensington"), alleges and states as follows:

### THE PARTIES

1. As to this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

2. Admitted.

### JURISDICTION AND VENUE

3. MCT admits that the Court has subject matter jurisdiction.

4. MCT admits that the Court has personal jurisdiction over MCT by virtue of MCT's complaint against Kensington that is pending before this Court.

5. MCT admits that venue is proper in this District.

### INTRADISTRICT ASSIGNMENT

6. MCT admits that intradistrict assignment to the San Jose Division is proper.

### FIRST COUNTERCLAIM FOR RELIEF

### (Declaration of Invalidity and Non-Infringement of the '788 Patent)

7. MCT repeats and realleges its responses to the allegations of paragraphs 1 through 6 in their entirety.

8. MCT admits Kensington asserts its declaratory judgment counterclaim pursuant to the patent laws, Title 35, United States Code and under Title 28, United States Code, Sections 2201 and 1338(a). Denied as to whether Kensington's position is correct.

9. MCT admits that MCT has averred that the '788 patent was duly and legally issued, it is the lawful owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and that Kensington infringes the '788 patent.

10. Admitted, to the extent that Kensington is denying that it is infringing directly, indirectly, contributorily, by inducement or by equivalents and valid and/or enforceable claim of the '788 patent. Denied as to whether Kensington's position is correct.

11. Denied.

12. Admitted that there is an actual controversy between Kensington and MCT.

13. Admitted to the extent that Kensington is requesting a declaration from the Court that its products do not infringe any claim of the '788 patent directly, indirectly, contributorily, by inducement, by equivalents, or otherwise. Denied as to whether Kensington's position is correct.

## SECOND COUNTERCLAIM FOR RELIEF

### (Declaration of Unenforceability of the '788 Patent)

14. MCT repeats and alleges its responses to the allegations of paragraphs 1 through 13 in their entirety.

15. MCT admits Kensington asserts its declaratory judgment counterclaim pursuant to the patent laws, Title 35, United States Code and under Title 28, United States Code, Sections 2201 and 1338(a). Denied as to whether Kensington's position is correct.

16. MCT admits that it has averred that the '788 patent was duly and legally issued, it is the lawful owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and that Kensington infringes the '788 patent.

17. Denied.

18. Denied.

19. Denied.

## PRAYER FOR RELIEF

WHEREFORE, MCT prays for judgment as follows:

i.   That the Court dismiss Kensington's Counterclaims with prejudice;

ii.  That the Court declares that the '788 patent is valid and enforceable;

iii. That the Court declares that the '788 patent has been infringed and/or willfully infringed by DisplayLink and the Defendants;

iv.  That MCT be awarded costs of suit incurred in defense of this action;

- 3 -

ANSWER TO DEFENDANT KENSINGTON COMPUTER PRODUCTS GROUP'S COUNTERCLAIMS
CASE NO.: 5:07-CV-05707-RMW

1  v.    The Court determines that this is an exceptional case that justifies MCT being awarded
2  reasonable attorney fees and costs; and
3  vi.   That the Court awards to the MCT such other and further relief that the Court may deem
4  just and proper.

Dated: August 25, 2008                    WANG, HARTMANN, GIBBS & CAULEY
                                          A Professional Law Corporation

                                          By: /s/ Richard F. Cauley
                                              Richard F. Cauley
                                              Franklin E. Gibbs
                                              Erick P. Wolf
                                              Attorneys for Plaintiff and Complaint-in
                                              Intervention Defendant

- 4 -

**ANSWER TO DEFENDANT KENSINGTON COMPUTER PRODUCTS GROUP'S COUNTERCLAIMS**
**CASE NO.: 5:07-CV-05707-RMW**

## JURY DEMAND

MCT hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: August 25, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Richard F. Cauley
    Richard F. Cauley
    Franklin E. Gibbs
    Erick P. Wolf
    Attorneys for Plaintiff and Complaint-in Intervention Defendant