1  **WANG, HARTMANN, GIBBS, & CAULEY**
   A Professional Law Corporation
2  Richard F. Cauley (SBN: 109194)
   Franklin E. Gibbs (SBN: 189015)
3  Erick P. Wolf (SBN: 224906)
   1301 Dove Street, Suite 1050
4  Newport Beach, CA  92660
   Telephone:  (949) 833-8483
5  Facsimile:   (949) 833-2281

6  Attorneys for Plaintiff and Complaint-in-Intervention Defendant
   Magic Control Technologies
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

| | |
|---|---|
| 12  MAGIC CONTROL TECHNOLOGIES, a Taiwan corporation | CASE NO.: 5:07-CV-05707-RMW |
| 13                   Plaintiff, | RELATED CASE NO.: 5:07-CV-01998-RMW |
| 14  vs. | ANSWER TO DEFENDANT GWC TECHNOLOGY INC.'S COUNTERCLAIMS |
| 15  KENSINGTON COMPUTER PRODUCTS GROUP, a division of ACCO Brands Corporation, a Delaware corporation; GWC TECHNOLOGY, INC., a California corporation; GOOD WAY TECH. CO., LTD., a Taiwan corporation; and GOOD WAY ELECTRONICS, a China corporation. | Jury Trial Demanded |
|                   Defendants. | |
| DISPLAYLINK CORPORATION, a Washington corporation, | |
|                   Intervenor. | |

- 1 -
**ANSWER TO DEFENDANT GWC TECHNOLOGY INC.'S COUNTERCLAIMS**
**CASE NO.: 5:07-CV-05707-RMW**

Magic Control Technologies ("MCT"), for its Answer to Defendant GWC Technology Inc.'s Counterclaims brought by GWC Technology, Inc. ("GWC"), alleges and states as follows:

### THE PARTIES

1. As to this paragraph, and based on the wording of this paragraph, MCT lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph, and upon that basis denies such allegations.

2. Admitted.

### JURISDICTION AND VENUE

3. MCT admits that the Court has subject matter jurisdiction.

4. MCT admits that the Court has personal jurisdiction over MCT by virtue of MCT's complaint against GWC that is pending before this Court.

5. MCT admits that venue is proper in this District.

### INTRADISTRICT ASSIGNMENT

6. MCT admits that intradistrict assignment to the San Jose Division is proper.

### FIRST COUNTERCLAIM FOR RELIEF

### (Declaration of Invalidity and Non-Infringement of the '788 Patent)

7. MCT repeats and realleges its responses to the allegations of paragraphs 1 through 6 in their entirety.

8. MCT admits GWC asserts its declaratory judgment counterclaim pursuant to the patent laws, Title 35, United States Code and under Title 28, United States Code, Sections 2201 and 1338(a). Denied as to whether GWC's position is correct.

9. MCT admits that MCT has averred that the '788 patent was duly and legally issued, it is the lawful owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and that GWC infringes the '788 patent.

10. Admitted, to the extent that GWC is denying that it is infringing directly, indirectly, contributorily, by inducement or by equivalents and valid and/or enforceable claim of the '788 patent. Denied as to whether GWC's position is correct.

11. Denied.

12. Admitted that there is an actual controversy between GWC and MCT.

13. Admitted to the extent that GWC is requesting a declaration from the Court that its products do not infringe any claim of the '788 patent directly, indirectly, contributorily, by inducement, by equivalents, or otherwise. Denied as to whether GWC's position is correct.

### SECOND COUNTERCLAIM FOR RELIEF

### (Declaration of Unenforceability of the '788 Patent)

14. MCT repeats and alleges its responses to the allegations of paragraphs 1 through 13 in their entirety.

15. MCT admits GWC asserts its declaratory judgment counterclaim pursuant to the patent laws, Title 35, United States Code and under Title 28, United States Code, Sections 2201 and 1338(a). Denied as to whether GWC's position is correct.

16. MCT admits that it has averred that the '788 patent was duly and legally issued, it is the lawful owner, having the right to sue and to recover for any and all infringement of the '788 Patent, and that GWC infringes the '788 patent.

17. Denied.

18. Denied.

19. Denied.

20. Admitted that there is an actual controversy between GWC and MCT.

21. Admitted to the extent that GWC is requesting a declaration from the Court that the '788 patent and any patents that claim priority to the '788 patent are unenforceable. Denied as to whether GWC's position is correct

### PRAYER FOR RELIEF

WHEREFORE, MCT prays for judgment as follows:

i. That the Court dismiss GWC's Counterclaims with prejudice;

ii. That the Court declares that the '788 patent is valid and enforceable;

1  iii.	That the Court declares that the '788 patent has been infringed and/or willfully infringed
2  by DisplayLink and the Defendants;
3  iv.	That MCT be awarded costs of suit incurred in defense of this action;
4  v.	The Court determines that this is an exceptional case that justifies MCT being awarded
5  reasonable attorney fees and costs; and
6  vi.	That the Court awards to the MCT such other and further relief that the Court may deem
7  just and proper.

Dated: August 25, 2008			WANG, HARTMANN, GIBBS & CAULEY
					A Professional Law Corporation

					By: /s/ Richard F. Cauley
					    Richard F. Cauley
					    Franklin E. Gibbs
					    Erick P. Wolf
					    Attorneys for Plaintiff and Complaint-in
					    Intervention Defendant

- 4 -

**ANSWER TO DEFENDANT GWC TECHNOLOGY INC.'S COUNTERCLAIMS**
**CASE NO.: 5:07-CV-05707-RMW**

## JURY DEMAND

MCT hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: August 25, 2008

WANG, HARTMANN, GIBBS & CAULEY
A Professional Law Corporation

By: /s/ Richard F. Cauley
　　Richard F. Cauley
　　Franklin E. Gibbs
　　Erick P. Wolf
　　Attorneys for Plaintiff and Complaint-in Intervention Defendant